2001 UT App 199

**Rhonda Lynn Cameron BARTON, Petitioner and Appellant,**

v.

**John Kimball BARTON, Respondent and Appellee.**

No. 991026–CA.

Court of Appeals of Utah.

June 28, 2001.

Don R. Petersen and Leslie W. Slaugh, Howard Lewis & Petersen, Provo, for Appellant.

Dana D. Burrows, Orem, for Appellee.

Before GREENWOOD, P.J., and BILLINGS, and THORNE, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Rhonda Lynn Cameron Barton (Mother) appeals the trial court's orders finding her in contempt and imposing sanctions in post-divorce proceedings initiated by Mother's former husband, John Kimball Barton (Father). Mother argues the trial court (1) lacked jurisdiction, (2) erred in excluding certain testimony, and (3) erred in ordering her to pay Father's expenses and attorney fees as a sanction for the contempt. Father requests attorney fees incurred in this appeal. We remand on the issue of jurisdiction; however, we find the exclusion of evidence was harmless error and find no error in the sanc-

tions imposed. We decline to award Father's requested attorney fees.

## BACKGROUND

¶ 2 Mother and Father married in 1982 and had three children. The parties divorced on April 9, 1997. Mother and the three children then moved to Thousand Oaks, California. On December 22, 1998, the Utah Fourth District Court approved an addendum to the Decree of Divorce. Among other things, the addendum addressed custody, visitation, and appointment of a Special Master. The addendum further provided that "[t]he Fourth District Court . . . of Utah . . . shall maintain jurisdiction of this case until a Special Master/Interventionist in California is established and agreed upon between the parties," and that Utah retains "exclusive jurisdiction to determine fundamental issues of custody and visitation."

¶ 3 On July 19, 1999, Father obtained an Order to Show Cause after asserting in his affidavit that Mother had interfered with his visitation rights. Mother was served with the order on August 3, 1999, and the order to show cause hearing was held on August 11, 1999. Mother filed an affidavit but did not appear at the hearing. Mother contended in her affidavit that Utah no longer had jurisdiction because a Special Master had been established in California. At the hearing, the trial court found Mother in contempt for failing to appear and for failing to allow visitation. The court also ordered that Mother pay Father's costs of $1,397.[1] The court reserved imposing a penalty for the contempt finding until 60 days later when it would "evaluate . . . the make-up visitation, cooperation, the extended visitation, the issue of payment of various costs associated with this [hearing,] and a degree of cooperation with a special master."

¶ 4 Mother filed a motion requesting that the court transfer the case to California. Mother also filed an ex parte motion requesting a stay of unsupervised visitation by Father.

¶ 5 On September 28, 1999, the trial court conferred by telephone with the California court. The Utah trial court determined that it would hear the contempt matter and that jurisdiction over all other issues, including custody and visitation, would be transferred to the California court.

¶ 6 At the contempt hearing on October 18, 1999, Mother argued that she was unable to pay the judgment against her. Father testified that he had not received the make-up visitation, that he had not seen his children since July 26th, and that he had only one telephone conversation with his children after Mother was served with the Order to Show Cause. The trial court found that Mother "has continued in a pattern of willful disobedience of court orders" and that she "has continued to remain in contempt of the court's orders" and therefore sentenced her to two days in jail. Additionally, the trial court entered a $3,631.88 judgment against Mother for Father's attorney fees, travel expenses and lost wages. Mother served the jail time. This appeal followed.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 7 Mother challenges the trial court's subject matter jurisdiction. She specifically challenges the authority and competency of the trial court to hold the order to show cause hearing, to require Mother's appearance, and to hold her in contempt for not appearing. This issue "presents a question of law," which we "review . . . under a correction of error standard, giving no particular deference to the trial court's determination." *Liska v. Liska,* 902 P.2d 644, 646–47 (Utah Ct.App.1995).

■ ¶ 8 Mother also contends she was prejudiced by the trial court's decision to preclude testimony on the basis that it was inadmissible hearsay. This court defers to the trial court's admissibility determination, absent the court exceeding its permitted range of discretion. *See Hill v. Dickerson,* 839 P.2d 309, 311 (Utah Ct.App.1992).

---

1. These costs represent $259 for airfare, $450 in lost wages, $650 in attorney fees, and $38 for service of process.

¶ 9 Last, Mother contends the trial court erred in imposing sanctions against her when she did not have the ability to pay Father's expenses assessed against her. "The decision to hold a party in contempt of court rests within the sound discretion of the trial court and will not be disturbed on appeal unless the trial court's action 'is so unreasonable as to be classified as capricious and arbitrary, or a clear abuse of discretion.'" *Marsh v. Marsh*, 1999 UT App 014, ¶ 8, 973 P.2d 988 (quoting *Bartholomew v. Bartholomew*, 548 P.2d 238, 240 (Utah 1976)). We also review the sanctions imposed for contempt for abuse of discretion. *See White v. G.M.C.*, 908 F.2d 675, 678 (10th Cir.1990).

## ANALYSIS

### A. Jurisdiction

¶ 10 Mother first contends the trial court lacked jurisdiction to commence contempt proceedings against her. "A court's initial inquiry should always be to determine whether it has jurisdiction to determine a controversy." *Otteson v. State, Dep't of Human Servs.*, 945 P.2d 170, 171 (Utah Ct.App. 1997) (per curiam). Thus, we begin by examining the issue of jurisdiction.

¶ 11 Mother contests the trial court's jurisdiction on two grounds. First, she argues the trial court lacked jurisdiction under the Parental Kidnapping Prevention Act (PKPA). *See* 28 U.S.C. § 1738A (1994). Second, she argues the trial court lacked jurisdiction under the addendum to the divorce decree.

¶ 12 We first address application of the PKPA, noting that the application of the PKPA was not brought to the attention of the trial court. However, "'*lack of subject matter jurisdiction cannot be stipulated around nor cured by a waiver.* A lack of subject matter jurisdiction can be raised at any time and when subject matter [jurisdiction] does not exist, neither the parties nor the court can do anything to fill that void.'" *Crump v. Crump*, 821 P.2d 1172, 1174 (Utah Ct.App.1991) (quoting *Curtis v. Curtis*, 789 P.2d 717, 726 (Utah Ct.App.1990)).

Consequently, counsel may raise the defense that the court failed to comply with the requirements of the UCCJA and the PKPA at anytime in the course of an interstate custody proceeding. In addition, subject matter jurisdiction under the UCCJA and the PKPA cannot be vested by agreement of the parties, ... and such jurisdiction cannot be conferred on the court by a party's failure to interpose a timely objection to the court's assumption of jurisdiction.

Annotation, *Child Custody: When Does State That Issued Previous Custody Determination Have Continuing Jurisdiction Under Uniform Child Custody Jurisdiction Act (UCCJA) or Parental Kidnapping Prevention Act (PKPA)*, 28 U.S.C.A. § 1738A, 83 A.L.R.4th 742, 750 (1991) [hereinafter *Child Custody* ]; *accord McDaniel v. Burton*, 748 So.2d 1072, 1073 n. 1 (Fla.Dist.Ct.App.1999) ("'Subject matter jurisdiction is conferred upon a court by a constitution or a statute, and cannot be created by waiver, acquiescence or agreement of the parties.'") (quoting *Snider v. Snider*, 686 So.2d 802, 804 (Fla.Dist.Ct.App.1997)). Thus, the fact that the parties in the present case agreed in the addendum to the divorce decree that the Utah Fourth District Court would retain jurisdiction to determine custody and visitation issues does not control which state now has jurisdiction under the PKPA to enter judgments relating to the children. Having clarified this point, we turn now to Mother's claim of error under the PKPA.

### 1. PKPA

¶ 13 "The primary issue in determining whether a state, which issued a previous custody decree, has continuing jurisdiction over the custody of a child is whether a contestant or the child continues to reside in the state." *Child Custody* at 750–51. Section 1738A(d) of the PKPA states:

The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section *continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.*

28 U.S.C. § 1738A(d) (1994) (emphasis added). Thus, for Utah to have continuing jurisdiction in the present case, it must have

"jurisdiction under the law of [Utah]," *id.* § 1738A(c)(1), and Utah must be the residence of Mother, Father, or their children. *See id.* § 1738A(d). The record unequivocally reflects that Mother and her children no longer live in Utah. Thus, Utah could continue to exercise jurisdiction only if Father is a Utah resident. The trial court made no finding regarding Father's residency at the time of the July 1999 order to show cause filing, and it is not clear from the record before us where Father resided. Thus, because the trial court did not make a finding as to Father's residency and therefore did not determine whether it had jurisdiction under the PKPA, we remand to the trial court to determine where Father legally resided when he filed the order to show cause motion and when the hearing was held. *Cf. In re Marriage of Pedowitz,* 179 Cal.App.3d 992, 225 Cal.Rptr. 186, 192 (1986) (remanding case to trial court for evidence of father's residency and determination of trial court's jurisdiction).

¶ 14 If the trial court finds Father was not a Utah resident, the court lacked jurisdiction and all orders must be set aside. However, if the trial court finds Father was a Utah resident and therefore the PKPA did not deprive the trial court of jurisdiction, other issues raised on appeal are viable and we will address them. *See Bair v. Axiom Design, L.L.C.,* 2001 UT 20, ¶ 22, 20 P.3d 388 ("Although resolution of the above issue [may be] dispositive of the present case, where an appellate court finds that it is necessary to remand a case for further proceedings, it has the duty of 'pass[ing] on matters which may then become material.'" (second alteration in original) (citations omitted)).

### 2. Addendum to the Divorce Decree

¶ 15 Mother argues that jurisdiction had transferred to California under the terms of the addendum to the divorce decree because a special master had been appointed and was functioning. The addendum provides that "[t]he Fourth District Court of Utah, State of Utah, shall maintain jurisdiction of this case until a Special Master/Interventionist in California is established and agreed upon between the parties." The addendum also provides that "[t]he Special

Master may make orders resolving conflicts between [Mother] and [Father] which do not affect the court's exclusive jurisdiction to determine fundamental issue of custody and visitation." In paragraph three of the order on the order to show cause, the trial court found that Mother had failed to comply with the addendum "regarding the Special Master and other provisions." This finding was based on Father's largely unrebutted testimony, as Mother failed to appear at the hearing. At best, the evidence was conflicting. We defer to the trial court's finding and, by the terms of the addendum, the trial court had continuing jurisdiction until the parties complied with the addendum terms and jurisdiction transferred.

### B. Exclusion of Testimony

¶ 16 Mother also challenges the exclusion of testimony as to what her California counsel had advised her regarding the hearing on the order to show cause. Specifically, Mother argues that she was prejudiced when the trial court sustained the objection to her testifying as to why she had not appeared at the August 11th hearing and why she had not made the children available for visitation with Father. The specific dialogue that Mother refers to is as follows:

Mother's counsel: Was it your understanding based upon what counsel was informing you in California that by filing that affidavit in Utah—

Father's counsel: Your Honor, I'm going to object. The problem that we have here is she's claiming that counsel in California advised her of something. We don't have that person here, we can't examine them.

Mother's counsel: We're talking contempt, Your Honor.

Father's counsel: No, we're not—

Court: Well, where it's an evidentiary concern it's hearsay. I will sustain the objection.

Mother argues the statement was not hearsay and therefore it should have been received to justify her actions. We agree. In *State v. Sorensen,* 617 P.2d 333 (Utah 1980), the Utah Supreme Court stated that "[w]hen an out-of-court statement is offered simply to

prove that it was made, without regard to whether it is true, such testimony is not proscribed by the hearsay rule." *Id.* at 337. In the present case, Mother sought to introduce her conversation with her California counsel as proof of a good faith reason for not attending the hearing. As such, that testimony was not inadmissible hearsay under Utah Rules of Evidence, but was admissible to show a good faith defense. *See id.* "Evidence of a statement by a third person is . . . admissible, irrespective of the fact that it was made out of court, if it is offered to support a defense of good faith." *Id.* Accordingly, the trial court's exclusion of that evidence was error.

¶ 17 However, a finding of error does not mean the error was prejudicial. *See id.* at 337–38. In particular, in paragraph two of the Order to Show Cause, the trial court acknowledged that Mother claimed that only the California court had jurisdiction to act, but stated that it did not excuse her failure to appear because the addendum was entered by the Utah court and no order had transferred jurisdiction to California. Thus, "[t]here was no prejudicial error committed in the exclusion of evidence by the trial court." *Id.* at 338.

### C. Punishment for Contempt

¶ 18 Last, Mother argues that even if the trial court had jurisdiction, it nevertheless erred in imposing a financial sanction for her contempt because she did not have the ability to pay the sanction. In *Thomas v. Thomas,* 569 P.2d 1119 (Utah 1977), cited by Mother, the Utah Supreme Court stated that

the finding of a person in contempt and sentencing him [or her] to jail is of very serious consequence to the person involved, somewhat akin to a criminal penalty. It is for this reason that such a severe measure is not permissible unless a party has manifested such obstinacy in disobedience of the court order that it is necessary to accomplish that which equity and justice demand. Accordingly, in order to justify a finding of contempt and the imposition of a jail sentence, it must appear by clear and convincing proof that: (1), the party knew what was required of him [or her]; (2),

*that he [or she] had the ability to comply;* and (3), that he [or she] wilfully and knowingly failed and refused to do so.

*Id.* at 1121 (emphasis added) (footnote omitted). The trial court's final order, imposing sanctions of jail time and reimbursement of Father's expenses, states nothing about Mother's ability to pay the earlier judgment ordered against her. Thus, Mother argues the trial court erred. We disagree. In *Thomas,* the court dealt with a finding of contempt itself and whether the party was able to comply with the court's original order but nevertheless deliberately refused to do so. In other words, a contempt finding is appropriate only if there was an ability to comply with the original order. Here, the punishment was imposed after the trial court had found Mother in contempt for failure to comply with the trial court's prior orders, emphasizing her refusal to provide visitation for Father.

¶ 19 The trial court specifically found that "Mother has continued in her ongoing and willful and intentional disregard of the order of the court of August 12, 1999[,] especially as it relates to the issue of ongoing and makeup visitation." "One of the most common methods for enforcing a child custody, visitation or support order is to charge the parent who violated it with civil contempt." 3 *Family Law and Practice,* § 32.11[2][a], at 32–353 (Arnold H. Rutkin ed., 2000). This court reviews the trial court's order of sanctions "under an abuse of discretion standard." *White v. G.M.C.,* 908 F.2d 675, 678 (10th Cir.1990). "Unless limited by statute or constitutional provisions, the extent of punishment for contempt is discretionary with the court . . . [, which] will take into consideration the surrounding facts and circumstances, and will act with great care and deliberation, in order that no injustice may be done." 17 C.J.S. *Contempt* § 117 (1999) (footnotes omitted). Thus, the trial court has a considerable amount of discretion, and absent an abuse of that discretion, the trial court's order will stand.

¶ 20 Here, the punishment imposed was the actual costs incurred by Father in his attempt to enforce the terms of the divorce decree regarding visitation and consul-

tation with a special master. The punishment was not imposed merely as a punitive measure, but to compensate Father. The trial court found that Father had justifiably charged Mother with failing to comply with the trial court's visitation orders. Accordingly, we find no abuse of discretion by the trial court.

### D. Father's Request for Attorney Fees on Appeal

¶ 21 Rule 33 of the Utah Rules of Appellate Procedure states:

> Except in a first appeal of right in a criminal case, if the court determines that a motion made or appeal taken under these rules is either *frivolous* or *for delay*, it shall award just damages, which may include single or double costs, as defined in Rule 34, and/or reasonable attorney fees, to the prevailing party. The court may order that the damages be paid by the party or by the party's attorney.

Utah R.App. P. 33(a) (emphasis added). Because we remand for a determination of jurisdiction, the appeal is necessarily not frivolous nor for delay. Thus, Father's request for attorney fees incurred on appeal is denied.

### CONCLUSION

¶ 22 The trial court did not make a finding as to Father's residency and therefore did not determine whether it had continuing jurisdiction under the PKPA; thus, we remand this case with instructions for findings and a determination of jurisdiction. Specifically, we remand for a determination of where Father legally resided at the time he filed the order to show cause motion. We defer to the trial court's findings that the terms of the addendum and the actions of the parties support the trial court's decision to continue jurisdiction. We conclude the trial court erred in excluding evidence, but the error was harmless. We find no abuse of discretion in the trial court's decision to find Mother in contempt and sanction her. Last, because we remand this case, Mother's appeal was not frivolous nor for delay, and, therefore, we deny Father's request for attorney fees on appeal.

¶ 23 WE CONCUR: JUDITH M. BILLINGS, Judge, and WILLIAM A. THORNE, Jr., Judge.