2011 UT App 331

**Paul McKinney TAYLOR, Petitioner and Appellee,**

v.

**Trisha Richard TAYLOR, Respondent and Appellant.**

No. 20100316–CA.

Court of Appeals of Utah.

Sept. 29, 2011.

Scott M. Lilja, Salt Lake City, for Appellant.

Gayanne K. Schmid and Kim M. Luhn, Salt Lake City, for Appellee.

Before Judges DAVIS, VOROS, and CHRISTIANSEN.

## MEMORANDUM DECISION

VOROS, Judge:

¶ 1 Respondent Trisha Richard Taylor (Wife) challenges a contempt order entered against her for violating a court order. *See* Utah Code Ann. § 78B–6–301(5) (2008). We reverse the order of contempt. We also reverse a portion of the attorney fee award, affirm a portion of it, and remand for the trial court to make the necessary allocation.

¶ 2 Wife and Petitioner Paul McKinney Taylor (Husband) divorced in March 2007. The trial court entered a bifurcated divorce decree, granting the divorce but reserving all other issues for further proceedings. After further contentious proceedings, the court entered a judgment on September 4, 2009, resolving all outstanding issues. Among other provisions, the judgment required Wife to pay Husband $41,000 by January 1, 2010, "in exchange for relinquishing and releasing any and all claims against [Wife's] businesses." Wife failed to pay the money. At a hearing on January 25, 2010, the court threatened her with contempt and ordered her to pay the money within twenty-four hours and to get a passport for their minor daughter within five days, an act a special master had ordered her to do in May 2009.[1]

¶ 3 Wife's accountant contacted Husband's attorney the day after the hearing, stating that the check would be ready to pick up by 4:30 p.m. and that Husband would need to sign a release before he could pick up the check. Although the hearing had ended at about 4:00 p.m. the previous day, Wife asserts that the check was ready within twenty-four hours. Husband's attorney informed the accountant that the court order did not require Husband to pick up the check or to sign a release. She requested that Wife deliver the check to her office by 9:00 a.m. the next morning, failing which she would refer the matter to the trial court. After learning that Husband would not pick up the check, Wife drove to his house on the evening of January 26 to personally deliver it. Husband was not home, and she waited for an hour and a half for him before abandoning the attempt. The next morning Wife delivered the check to Husband's attorney by 8:00 a.m.

---

1. The court styled its order as a finding of contempt, ordering Wife to serve thirty days in jail and pay $1,000. However, the court did not enforce these sanctions, stating that Wife first would have the opportunity to purge the contempt by meeting the two new deadlines. Because no actual sanctions were imposed, we treat this order as a threat of contempt for purposes of our analysis.

¶ 4 Wife also signed the passport papers for her daughter, but she added the words "under duress" to her signature. The record on appeal contains no evidence that this addition prevented the daughter from obtaining the passport.

¶ 5 Apparently believing that signing the passport forms "under duress" would prevent the daughter from obtaining a passport, Husband moved the court to hold Wife in contempt of court. The court found Wife in contempt for failing to pay the $41,000 within twenty-four hours and because she "undid the signing" of the passport application "by writing 'under duress' next to [her] signature." The court ordered her to serve thirty days in jail and pay a $1,000 fine. It also awarded attorney fees and costs. Wife served the thirty days in jail but has not yet paid the $1,000 fine or attorney fees and costs.

■■■ ¶ 6 On appeal, Wife first contends that the trial court did not enter the requisite findings to hold her in contempt. "As a general rule, in order to prove contempt for failure to comply with a court order it must be shown that the person cited for contempt knew what was required, had the ability to comply, and intentionally failed or refused to do so." *Von Hake v. Thomas*, 759 P.2d 1162, 1172 (Utah 1988); *see also State v. L.A.*, 2010 UT App 356, ¶ 11, 245 P.3d 213. Furthermore, the trial court must make written or oral findings "with respect to each of the three substantive elements." *See Von Hake*, 759 P.2d at 1172; *State v. Hurst*, 821 P.2d 467, 469–71 (Utah Ct.App.1991).

■■■ ¶ 7 Husband responds that because Wife did not object to the trial court's lack of findings below, she has not preserved this issue for appeal. We agree. A litigant must "challenge in the trial court the adequacy of the court's factual findings to preserve an adequacy of the findings issue for appeal." *In re K.F.*, 2009 UT 4, ¶ 59, 201 P.3d 985 (citing *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 56, 99 P.3d 801). Because Wife failed to alert the trial court to her objection, we do not address her argument as to the adequacy of the findings.

■■■ ¶ 8 Wife next contends that the facts are insufficient to support a finding of contempt. To establish that the evidence is insufficient to support the court's finding, "[a]n appellant must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be against the clear weight of the evidence." *Chen v. Stewart*, 2004 UT 82, ¶ 19, 100 P.3d 1177 (alteration in original) (citation and internal quotation marks omitted); *see also West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah Ct.App.1991). Husband contends that Wife has not properly marshaled the evidence on appeal because she has failed to recount the "lengthy and torturous history" of her allegedly "inappropriate, defiant, obstinate, and dilatory" conduct throughout the divorce proceedings. This course of conduct, to quote Husband's brief, "might have supported the Court's ruling" and was mentioned in the court's findings in connection with an award of attorney fees. However, Wife has affirmatively demonstrated that the grounds for contempt did not include the parties' litigation history.[2] *See Harding v. Bell*, 2002 UT 108, ¶ 21, 57 P.3d 1093 ("[W]here a party alleges a failure to marshal certain evidence and the party challenging the jury's verdict asserts that there was no marshaling obligation as to the evidence because it was irrelevant, the party challenging the verdict must affirmatively demonstrate that the evidence was irrelevant."). Therefore, we will address the merits of Wife's argument.[3]

---

2. It does appear that Wife is a defiant and pertinacious litigant who has burdened the trial court and opposing counsel unnecessarily. However, the trial court did not rely upon this history in finding her in contempt.

3. Husband also contends that any challenge to the finding of contempt is moot because Wife has already served her thirty days in jail. "A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." *Ellis v. Swensen*, 2000 UT 101, ¶ 25, 16 P.3d 1233 (citation and internal quotation marks omitted). A civil contempt order imposing jail time generally is moot if the time has been served. *See Gardiner v. York*, 2010 UT App 108, ¶ 31, 233 P.3d 500, *cert. denied*, 238 P.3d 443 (Utah 2010). However, Wife faced not only jail time but financial sanctions as well. The relief Wife seeks on ap-

¶ 9 As noted above, to be found in contempt for violation of a court order, a litigant must intentionally fail or refuse to comply with it. *See Von Hake,* 759 P.2d at 1172; *State v. Clark,* 2005 UT 75, ¶ 23, 124 P.3d 235 (upholding a contempt finding of an attorney who "contemptuously flaunt[ed] a valid court order"); *Barton v. Barton,* 2001 UT App 199, ¶ 18, 29 P.3d 13 (requiring a showing that the party " 'wilfully and knowingly failed and refused to [comply]' " (quoting *Thomas v. Thomas,* 569 P.2d 1119, 1121 (Utah 1977))); *State v. Long,* 844 P.2d 381, 387 (Utah Ct.App.1992) ("[T]he criminal contempt power should only be used to sanction deliberate contumacious acts or omissions."). Intent must be established beyond a reasonable doubt for a finding of criminal contempt. *Von Hake,* 759 P.2d at 1172. Wife argues that the evidence does not demonstrate that she intentionally refused to comply with the requirement to pay Husband. We agree.

¶ 10 The record does not establish that Wife's request to have Husband pick up the check and sign a release was a willful attempt to avoid compliance. The September order required Wife to pay Husband $41,000 "in exchange for relinquishing and releasing any and all claims against [Wife's] businesses." Although Husband believed the order itself would suffice as a release, it could reasonably be read as requiring Husband to sign a release in exchange for payment. Furthermore, when Wife learned that Husband would not pick up the check, she attempted to deliver the check to Husband's residence. When that did not work, she delivered it to Husband's attorney by 8:00 a.m. the next morning, an hour before the time requested by Husband's attorney. Although these belated efforts did not change the fact that the deadline had lapsed, in the absence of contrary evidence, such efforts demonstrate that there is insufficient evidence that Wife intentionally failed or re-

fused to comply with the court's order. These are not the acts of a person willfully flouting a court order.

¶ 11 Wife also argues that she did not fail to comply with the order to obtain the passport or, alternatively, that any failure was not willful or knowing. Wife certainly did not cheerfully comply with the court's order; whether she actually violated it is less clear. To raise a prima facie case for contempt on this ground, Husband was required to demonstrate to the trial court that Wife had failed to follow the court's order. *See Thomas,* 569 P.2d at 1121 ("[A] complainant makes a prima facie case of contempt by showing failure to comply with the judgment."). Wife was ordered by the court to "get[ ] the passports done within five days." She did not want her daughter to have a passport and disagreed with the court order requiring her to obtain one. She believed—apparently correctly—that adding the words "under duress" to her signature, while expressing her disagreement with the court's order, would nevertheless not subvert the passport application. The court's findings never state, nor does the record on appeal indicate, that Wife did not sign the passport application within five days or that the passport did not issue.

¶ 12 Nor have we seen any evidence that by adding the offending words to her signature Wife intended to prevent the issuance of the passport; on the contrary, she doggedly insisted that her signature was not necessary for the passport to be issued. Thus, while Wife's actions were deliberate, we cannot agree that they were deliberately contumacious. Therefore, even if Wife's actions constituted a failure to comply with the court order, the evidence does not demonstrate beyond a reasonable doubt that she willfully or knowingly failed or refused to comply with

peal would indeed affect her rights. Furthermore, the present appeal involves a criminal contempt order, not a civil contempt order. *See Von Hake v. Thomas,* 759 P.2d 1162, 1168 & n. 5 (Utah 1988) (stating that criminal contempt involves fixed sanctions to punish the contemnor for disobeying a court order rather than conditional sanctions to compel compliance with a court order); *York v. Performance Auto, Inc.,*

2011 UT App 257, ¶¶ 14–15, 688 Utah Adv. Rep. 47. To establish that a criminal contempt order is moot upon completion of jail time, Husband must "demonstrate[ ] that there is no possibility that [Wife] will suffer collateral legal consequences as a result of [her] criminal contempt conviction." *See Gardiner,* 2010 UT App 108, ¶ 33, 233 P.3d 500. He has not done so.

the order. *See Von Hake v. Thomas,* 759 P.2d 1162, 1172 (Utah 1988).

¶ 13 Finally, Wife contends that the sanctions imposed for contempt—thirty days in jail and a fine of $1,000—were unduly harsh and that there was no statutory basis for including attorney fees and costs in the sanctions. No doubt exasperated by Wife's litigation tactics, the trial court did impose the statutory maximums. *See* Utah Code Ann. § 78B–6–310 (2008). However, in light of our disposition of this case, we need not reach these issues.

## CONCLUSION

¶ 14 The evidence in the record is insufficient to demonstrate beyond a reasonable doubt that Wife intentionally failed or refused to comply with the trial court's order to pay Husband within twenty-four hours and to obtain a passport for her daughter within five days. We therefore reverse the trial court's order of contempt.

¶ 15 Wife also challenges the award of attorney fees. That award is reversed to the extent it rests on the finding of contempt; it is affirmed to the extent it rests on findings unchallenged on appeal, such as those relating to Wife's oppressive or dilatory litigation tactics. Based on the findings before us, we are unable to perform the allocation. We therefore remand for that determination. Because Husband has not "prevail[ed] on the main issues on appeal," his request for attorney fees and costs on appeal is denied. *See Wall v. Wall,* 2007 UT App 61, ¶ 26, 157 P.3d 341.

¶ 16 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and MICHELE M. CHRISTIANSEN, Judge.