IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Cindy Crosby nka Cindy Newman, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner and Appellee, | ) | Case No. 20110194-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (February 16, 2012) |
| Todd Crosby, | ) | |
| | ) | 2012 UT App 46 |
| Respondent and Appellant. | ) | |

-----

Second District, Farmington Department, 064700170
The Honorable Thomas L. Kay

Attorneys:     F. Kim Walpole, Ogden, for Appellant
                    Ryan J. Bushell, Ogden, for Appellee

-----

Before Judges Voros, Orme, and Davis.

VOROS, Associate Presiding Judge:

¶1     The divorce decree in this case awarded the parties joint legal custody of their two children, but no parenting plan was proposed or included in the decree as required by statute.  *See generally* Utah Code Ann. § 30-3-10.8 (2007) ("[A]ny party requesting joint custody, joint legal or physical custody, or any other type of shared parenting arrangement, shall file and serve a proposed parenting plan at the time of the filing of their original petition or at the time of filing their answer or counterclaim."); *id*. § 30-3-10.3(3) ("The court shall, where possible, include in the order the terms of the parenting plan provided in accordance with Section 30-3-10.8.").

¶2     Four years after entry of the decree, Cindy Newman (Wife) sent a proposed parenting plan to Todd Crosby (Husband). Husband, acting pro se, sent back a list of objections. Wife then filed a Motion and Memorandum to Enter Parenting Plan. She also lodged with the trial court a copy of Husband's pro se objections.[1] Neither party requested a hearing, and on April 14, 2010, the court signed Wife's proposed parenting plan. Husband did not seek appellate review.

¶3     Two months later, Husband, now represented by counsel, filed a motion pursuant to rule 60(b) of the Utah Rules of Civil Procedure asking the court "to set aside or grant relief from the Petitioner's Parenting Plan . . . and to consider the Respondent's Objections . . . which may or may not have been considered by the Court when it entered the Parenting Plan." At the hearing on Husband's rule 60(b) motion, Husband's counsel explained that "all I guess we're really asking the Court to do is consider those objections." The court explained that it considered Husband's objections before adopting the parenting plan. Husband also expressed dissatisfaction with certain provisions of the parenting plan. The court explained that it would not set the parenting plan aside at that time, but granted leave for Husband to amend his pending Verified Petition to Modify Decree of Divorce "to include changing the parenting plan . . . if that's what [he] wish[ed] to do."[2] The trial court denied Husband's rule 60(b) motion in an order entered January 28, 2011.

¶4     On appeal, Husband asserts several claims of error. First, he contends that the trial court abused its discretion in denying his rule 60(b) motion to set aside the parenting plan. "We grant broad discretion to trial courts' rule 60(b) rulings because most are equitable in nature, saturated with facts, and call upon judges to apply fundamental principles of fairness that do not easily lend themselves to appellate review." *Fisher v. Bybee,* 2004 UT 92, ¶ 7, 104 P.3d 1198.

---

[1]We commend Daniel R. Cragun, Wife's counsel at the time, for his sense of professionalism in doing this, given the pro se status of the opposing party.

[2]Two days before filing the Motion to Set Aside Parenting Plan, Husband filed a Verified Petition to Modify Decree of Divorce, in which he sought adjustment of his child support obligations.

¶5     Although Husband appeals from the trial court's January 28, 2011 order denying his rule 60(b) motion, his brief does not analyze or even mention rule 60(b). *See generally Judson v. Wheeler RV Las Vegas, LLC*, 2012 UT 6, ¶¶ 14–15, 23, 27, 700 Utah Adv. Rep. 59 (stating that relief under rule 60(b) is generally only available "upon (1) a showing that there is an explicit basis for granting relief under one of the subsections of 60(b); and (2) an allegation of a meritorious defense"). The claim is thus inadequately briefed. *See* Utah R. App. P. 24(a)(9) ("The argument shall contain the contentions and reasons of the appellant with respect to the issues presented . . . with citations to the authorities, statutes, and parts of the record relied on.").

¶6     In addition, Husband's attack is aimed principally at the trial court's April 14, 2010 order adopting the parenting plan. However, an appeal from the denial of a rule 60(b) order is not a platform from which an appellant may attack the underlying judgment:

> "An appeal of a Rule 60(b) order addresses only the propriety of the denial or grant of relief. The appeal does not, at least in most cases, reach the merits of the underlying judgment from which relief was sought. Appellate review of Rule 60(b) orders must be narrowed in this manner lest Rule 60(b) become a substitute for timely appeals. An inquiry into the merits of the underlying judgment or order must be the subject of a direct appeal from that judgment or order."

*Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 19, 2 P.3d 451 (emphasis omitted) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.68[3] (3d ed. 1999)). Accordingly, to the extent Husband's challenge goes to "'the underlying judgment from which relief was sought,'" *see id.*, it is not properly before us.

¶7     Second, Husband contends that the trial court's findings of fact are inadequate to support its order denying his rule 60(b) motion. Citing *Whitehouse v. Whitehouse*, 790 P.2d 57 (Utah Ct. App. 1990), Husband argues that the trial court "fail[ed] to delineate what circumstances have changed and why these changes support the modification made in the prior divorce decree." *See id.* at 61. As this quotation suggests, Husband's challenge focuses on the April 14, 2010 order adopting the parenting plan rather than the January 28, 2011 order denying Husband's rule 60(b) motion. Insofar as Husband's

challenge on appeal runs to the court's April 14, 2010 order, it is not properly before us, for the reasons explained above.

¶8     Insofar as Husband's challenge runs to the court's January 28, 2011 order, it is not preserved. To preserve an appellate challenge to the adequacy of trial court findings, an appellant must first have raised the objection in the trial court with sufficient clarity to alert the trial court to the alleged inadequacy. *See 438 Main St. v. Easy Heat*, 2004 UT 72, ¶ 56, 99 P.3d 801. Husband's brief does not contain a "citation to the record showing that the issue was preserved in the trial court" as required by rule 24(a)(5)(A) of the Utah Rules of Appellate Procedure. Nor does our own review of the record disclose an appropriate objection. We therefore do not consider the merits of this claim. *See Taylor v. Taylor*, 2011 UT App 331, ¶ 7, 263 P.3d 1200 (refusing to consider unpreserved challenge to the adequacy of findings).

¶9     Finally, Husband complains that the trial court's January 28, 2011 ruling leaves him facing a Hobson's choice. That ruling invites Husband to seek a modification of the trial court's earlier order. But because the parenting plan was only recently ordered, Husband predicts that he will not be able to meet the statutory threshold showing that "the circumstances of the child or one or both parents . . . have materially and substantially changed since the entry of the order to be modified." Utah Code Ann. § 30-3-10.4(1)(a) (Supp. 2011). He is thus left, he contends, subject to a parenting plan that he can neither accept nor challenge.

¶10     We do not read the trial court's ruling so restrictively. The court's order is explicit that "the idea of joint legal custody presumes that the parties will follow a Parenting Plan that they can agree on"; accordingly, "if the parties do not agree to a Parenting Plan then it will not be forced upon a party." The court also ruled that Husband "may amend [his] petition to modify to include changing the parenting plan" or "to seek the termination of joint custody and thereafter the termination of the parties' Parenting Plan." Moreover, even Wife states in her brief that Husband "is incorrect in his assertion that he must show a substantial material change in circumstances in order to be successful in arguing his objections in a petition to modify. . . . [T]he trial court has already told [Husband] to do so, thereby shutting down any attempt by [Wife] to object to the inclusion of his objections in the petition to modify." Indeed, Wife reiterated in oral argument that she would not challenge Husband's amendment of his petition to modify by arguing that Husband has not shown changed circumstances. We

thus do not agree with Husband that the court's invitation for him to amend his petition for modification is illusory.

¶11     In any event, this argument is not ripe for appellate review. "An issue is not ripe for appeal if there exists no more than a difference of opinion regarding the hypothetical application of a provision to a situation in which the parties might, at some future time, find themselves." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Lindberg*, 2010 UT 51, ¶ 40, 238 P.3d 1054 (emphasis, citation, and internal quotation marks omitted). The trial court here ruled that Husband "may timely amend his Petition to Modify." Until Husband files such an amendment and the trial court denies the amended petition on the ground that Husband failed to demonstrate a substantial and material change in circumstances—a remote prospect given the trial court's earlier pronouncements and Wife's concessions—this issue is not ripe for review.

¶12     The order of the trial court is accordingly affirmed.


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


-----


¶13     WE CONCUR:


_____
Gregory K. Orme, Judge


_____
James Z. Davis, Judge


20110194-CA           5