2013 UT App 57

# THE UTAH COURT OF APPEALS

BRIGETTE JEANNE COOK,

*Petitioner and Appellee,*

*v.*

LON ARDEN COOK,

*Respondent and Appellant.*

Memorandum Decision
No. 20120035-CA
Filed March 7, 2013

First District, Brigham City Department
The Honorable Ben H. Hadfield
No. 084100428

F. Kim Walpole, Attorney for Appellant
Kirk M. Morgan, Attorney for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES WILLIAM A. THORNE JR.
and CAROLYN B. MCHUGH concurred.

VOROS, Judge:

¶1      Lon Arden Cook (Husband) and Brigette Jeanne Cook
(Wife) divorced in 2011. Husband appeals from the Decree of
Divorce, asserting six claims of error. We affirm.

¶2      Each of Husband's six claims challenges a substantive ruling
of the trial court and contends that the trial court's findings of fact
for that ruling were inadequate. *See Hall v. Hall*, 858 P.2d 1018, 1021
(Utah Ct. App. 1993) (noting that a "trial court abuses its discretion

when it fails to enter specific, detailed findings" that support its ultimate determinations). Because Husband failed to object to the trial court's findings, his attacks on those findings are unpreserved and thus cannot succeed on appeal.

¶3      To preserve an appellate challenge to the adequacy of trial court findings, an appellant must first have raised the objection in the trial court with sufficient clarity to alert the trial court to the alleged inadequacy. *See 438 Main St. v. Easy Heat*, 2004 UT 72, ¶ 56, 99 P.3d 801. Lest an appellant overlook this requirement on appeal, the appellate rules require the appellant's opening brief to include, with each issue statement, a "citation to the record showing that the issue was preserved in the trial court" or "a statement of grounds for seeking review of an issue not preserved in the trial court." *See* Utah R. App. P. 24(a)(5)(A), (B). Husband's opening brief does not comply with this requirement. Nor does the argument section of his brief contain citations showing that the claim was actually preserved. *See Salt Lake City Corp. v. Jordan River Restoration Network*, 2012 UT 84, ¶ 101, 293 P.3d 300 (exercising discretion to address the merits of a claim despite appellant's noncompliance with rule 24(a)(5)(A) because the argument section of the opening brief contained citations showing that the claim was in fact preserved). Moreover, our review of the record indicates that, although proposed findings and conclusions were served on Husband, he made no objection to them.

¶4      "The preservation rule applies to every claim, including constitutional questions, unless a defendant demonstrates that exceptional circumstances exist or that plain error occurred." *Seamons v. Brandley*, 2011 UT App 434, ¶ 3, 268 P.3d 195 (citing *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346). Husband has not complied with the preservation rule, nor does he invoke any exception to it. We therefore do not consider the merits of his challenges to the adequacy of the trial court's findings. *See Taylor v. Taylor*, 2011 UT App 331, ¶ 7, 263 P.3d 1200 (refusing to consider unpreserved challenge to the adequacy of findings). We turn then to his challenges to the substance of the trial court's rulings.

¶5 First, Husband contends that the trial court "abused its discretion in awarding to [Wife] the custody of the minor children contrary to the child custody evaluator's recommendation." We review custody determinations under an abuse of discretion standard, *see Hudema v. Carpenter*, 1999 UT App 290, ¶ 21, 989 P.2d 491, giving the trial court "broad discretion" to make custody awards, *see Davis v. Davis*, 749 P.2d 647, 648 (Utah 1988). Husband contends that the trial court abused its discretion in not ordering joint physical and legal custody of the children. In determining whether the best interests of a child will be served by ordering joint legal or physical custody, the trial court must consider, among other factors, "the past and present ability of the parents to cooperate with each other and make decisions jointly." *See* Utah Code Ann. § 30-3-10.2(2)(h) (LexisNexis 2007).

¶6 Here, the trial court stated that, contrary to the child custody evaluator's "well intended" recommendation that the parties could work together, the parties had in the course of the trial convinced the court that they could not. In fact, Husband testified at trial, "I feel strongly, at this point, that [Wife] and I are not going to be able to get along." In addition, Husband was held in contempt of court for disregarding a court order relating to his parent-time. He also entered a plea in abeyance to a separate domestic violence charge involving Wife. In light of this evidence, Husband has not shown that the trial court abused its discretion in its custody award.

¶7 Second, Husband contends that the trial court "abused its discretion and erred in its award of only standard parent-time to [Husband]," contrary to the recommendation of the child custody evaluator's report. "In custody matters, appellate courts generally give the trial court considerable discretion because the trial court's proximity to the evidence places it in a better position than an appellate court to choose the best custody arrangement." *Trubetzkoy v. Trubetzkoy*, 2009 UT App 77, ¶ 6, 205 P.3d 891 (citations and internal quotation marks omitted). "That broad discretion, however, must be guided by the governing law adopted by the Utah Legislature [and we] review questions of statutory

interpretation for correctness." *Id.* (citations and internal quotation marks omitted).

¶8     Here, the court ordered parent-time as agreed by the parents but with the statutory guidelines serving "as a minimum." *See* Utah Code Ann. § 30-3-33 (LexisNexis Supp. 2012). Parent-time conforming with the statutory guidelines is "presumed to be in the best interests of the child" unless "a parent can establish . . . by a preponderance of the evidence that more or less parent-time should be awarded" under statutory criteria. *Id.* § 30-3-34(2) (LexisNexis Supp. 2012). Husband's brief does not address this statutory presumption and in effect treats the child custody evaluator's recommendation as the governing presumption. Accordingly, he has not demonstrated that the trial court abused its discretion in awarding parent-time "as a minimum" in conformity with the statutory presumption. *See Trubetzkoy*, 2009 UT App 77, ¶ 18; Utah R. App. P. 24(a)(9).

¶9     Third, Husband contends that if we reverse the trial court's award of parent-time, the joint physical custody child support worksheet should be used to recalculate child support on remand. Our decision to affirm the trial court's award of parent-time moots this claim.

¶10     Fourth, Husband contends that the trial court "abused its discretion in awarding to [Wife] the sum of $48,500.00 as her share of the parties' home equity and erred in only allowing [Husband] less than one-half of his premarital contribution to the home." Husband has not demonstrated an abuse of discretion. Husband contends that he testified that he "contributed $37,000 from his premarital funds to the marital home but was only given credit for . . . $16,000.00." Husband actually testified that he spent approximately $38,000 "for the home, for the water shares[, and] for the tractor." He further testified that of the total amount, $16,618 went toward the purchase of the marital home. Accordingly, Husband's claim is not supported by the record facts.

¶11    Fifth, Husband contends that the trial court should have calculated Wife's share of the pension and thrift savings plan retirement as of "the time of the parties' separation, not the date of the trial." However, Husband has not demonstrated that the trial court's ruling departs from legal requirements, because he has cited no legal authority in support of his argument. *See generally* Utah R. App. P. 24(a)(9) ("The argument [in the appellant's brief] shall contain the contentions and reasons of the appellant with respect to the issues presented, . . . with citations to the authorities, statutes, and parts of the record relied on."); *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998) (stating that an argument is inadequately briefed "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court"). In any event, "[i]t is well settled that the present value . . . of retirement accounts accrued during the marriage[] are marital assets and, whenever possible, should be valued as of the time of the divorce." *Dunn v. Dunn*, 802 P.2d 1314, 1319 (Utah Ct. App. 1990).

¶12    Finally, Husband contends that the trial court "failed to make findings as to [Wife's] need of financial assistance to pay her attorney's fees" and thus "abused its discretion in awarding attorney's fees" to Wife. As this claim appears to be almost entirely a challenge to the adequacy of the trial court's findings, it fails under the preservation rule for the reasons stated above.

¶13    The judgment of the trial court is affirmed.

––––––––––