2011 UT App 434

**Sherwin SEAMONS and Jane Seamons, Plaintiffs and Appellees,**

v.

**Stephen L. BRANDLEY; and Creekside Land Development, LLC, Defendants and Appellant.**

**No. 20110038–CA.**

Court of Appeals of Utah.

Dec. 22, 2011.

**2.** We could decline to reach this issue based on inadequate briefing as well. Like the chain of custody argument, reasoned analysis and application of the plain error elements are lacking. Conclusory statements and random citations do not constitute reasoned argument.

Stephen L. Brandley, Mendon, Appellant Pro Se.

Phillip R. Shaw, Logan, for Appellees.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM.

¶1 Stephen L. Brandley appeals the district court's November 26, 2010 order granting the Seamons's petition to nullify a lien. We affirm.

¶2 "Generally, a party may not raise an issue for the first time on appeal." *LaChance v. Richman,* 2011 UT App 40, ¶15, 248 P.3d 1020. "[I]n order to preserve an issue for appeal, the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.,* 2004 UT 72, ¶51, 99 P.3d 801. This preservation requirement places the trial judge on notice of the asserted error and allows for the correction of any error at that time in the course of the proceeding. *See id.* In order to properly preserve an issue for appeal "(1) the issue must be raised in a timely fashion, (2) the issue must be specifically raised, and (3) the challenging party must introduce supporting evidence or relevant legal authority." *Id.* "[A] contemporaneous objection or some form of specific preservation of error must be made a part of the trial court record before an appellate court will review such a claim." *State v. Johnson,* 774 P.2d 1141, 1144 (Utah 1989).

¶3 The preservation rule applies to every claim, including constitutional questions, unless a defendant demonstrates that exceptional circumstances exist or that plain error occurred. *See State v. Holgate,* 2000 UT 74, ¶11, 10 P.3d 346. The Utah Rules of Appellate Procedure also require that the appellant's brief provide a citation to the paginated record demonstrating where the issue was preserved, or demonstrate that the unpreserved issue meets an exception to the preservation rule. *See O'Dea v. Olea,* 2009 UT 46, ¶19, 217 P.3d 704. When a party fails to preserve an issue or demonstrate that the issue qualifies for an exception to the preservation rule, this court may decline to address the issue. *See LaChance,* 2011 UT App 40, ¶14, 248 P.3d 1020.

¶4 Brandley asserts that the trial court erred by introducing new evidence while rendering its decision and that this act cast the trial court as a material witness in the case. Brandley raises additional issues regarding statements that were made during the hearing held on October 14, 2010. However, Brandley fails to identify where in the record he preserved his issues for appeal such that the district court had an opportunity to correct the alleged errors. Instead, Brandley asserts that he preserved his issues for appeal because they "had been dealt with previously," or that he felt that the issues were relevant.

¶5 Furthermore, even assuming that Brandley had demonstrated that his issues were preserved for appeal, Brandley's arguments are inadequately briefed. A brief is inadequate when "it merely contains bald citations to authority [without] development of that authority and reasoned analysis based on that authority." *Smith v. Four Corners Mental Health Ctr., Inc.,* 2003 UT 23, ¶46, 70 P.3d 904. "An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Sloan,* 2003 UT App 170, ¶13, 72 P.3d 138. "It is well established that a reviewing court will not address arguments that are not adequately briefed." *Spencer v. Pleasant View City,* 2003 UT App 379, ¶20, 80 P.3d 546.

¶6 In addition to failing to demonstrate that his issues were preserved, Brandley's brief is inadequate as it contains inaccurate citations to the record, and fails to contain the requisite legal analysis based upon relevant authority. *See* Utah R.App. P. 24(a)(9). As a result, Brandley's brief improperly shifts the burden of research and argument to this court. Because Brandley fails to demonstrate that his issues were preserved for appeal, and his arguments are inadequately briefed, we decline to address them. *See Spencer,* 2003 UT App 379, ¶20, 80 P.3d 546.

¶7 Affirmed.