IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Rex Bagley, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20101001-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| KSM Guitars, Inc.; KSM Manufacturing, | ) | (September 13, 2012) |
| Inc.; and Kevin S. Moore, | ) | |
| | ) | 2012 UT App 257 |
| Defendants and Appellees. | ) | |

-----

First District, Logan Department, 100100949
The Honorable Kevin K. Allen

Attorneys:     Rex Bagley, Cedar City, Appellant Pro Se
            Wayne K. Caldwell and Aaron K. Bergman, Logan, for Appellees

-----

Before Judges McHugh, Thorne, and Roth.

ROTH, Judge:

¶1     Rex Bagley appeals from the dismissal of his complaint against KSM Guitars, Inc.; KSM Manufacturing, Inc.; and Kevin S. Moore (collectively, KSM) as a sanction for his failure to respond to KSM's discovery requests and for his failure to submit his own witness and exhibit lists prior to trial as required by a scheduling order. Bagley also challenges the district court's refusal to consider his motion to compel KSM to respond to discovery. We affirm.

¶2     In April 2010, Bagley filed an unpaid wage claim against KSM and requested a bench trial. He simultaneously filed a motion to waive the filing fees, which Judge

Kevin K. Allen denied. Despite the denial and without paying the filing fee, Bagley proceeded to serve KSM with the complaint. Bagley also filed a letter with another district court judge alleging that Judge Allen displayed "a level of bias toward Mr. Bagley that is unbecoming of a District Court judge" and indicating that he was sending the letter to give the court "an opportunity to correct Judge Allen's conduct" before Bagley filed a motion to disqualify and a complaint with the Judicial Conduct Commission. The presiding judge issued a memorandum decision, in which he stated that "there is no basis for the court to rule" because "no motion [to disqualify was made] before the court." Judge Allen subsequently granted a partial fee waiver, and the litigation was properly initiated.

¶3 Two days after KSM filed its answer, Bagley filed a petition for extraordinary relief, in which he asserted that KSM was engaged in "willful destruction of evidence, fraudulent obtainment of [Bagley]'s property, and other actions intended to harass [Bagley] and usurp the good-faith proceedings before this court." In the petition and at the motion hearing, Bagley offered no factual basis for his claim. Consequently, the district court denied his motion, stating that the petition itself did "not form a basis for relief under any of the grounds provided for in rule 65B" of the Utah Rules of Civil Procedure and that Bagley had failed to offer any affidavit or evidentiary support for his claim. *See generally* Utah R. Civ. P. 65B(a) (permitting extraordinary relief when there is "wrongful restraint on personal liberty," wrongful use or failure to use public authority, or "wrongful use of judicial authority" or "failure to exercise such authority"). KSM had responded to Bagley's petition with a request for sanctions and attorney fees premised on the frivolous and harassing nature of Bagley's pleadings. The court reserved ruling on KSM's motion but did hold Bagley in criminal contempt for his conduct during the hearing, which included interrupting the court on at least ten occasions despite admonitions from the judge, yelling and screaming in a threatening manner while in a holding cell, and engaging in disrespectful and disorderly conduct as the court made its findings and took Bagley into custody. As a consequence, Bagley served fourteen days in jail and incurred a $1,000 fine.

¶4 At a subsequent pretrial conference, trial was scheduled for November 4, 2010, and the court entered a scheduling order setting motion deadlines and a date for completion of discovery. According to that order, "[d]iscovery [wa]s to be completed by August 30" with dispositive motions to be filed by September 17; the court also ordered that the "[p]arties [we]re to exchange witness lists and any exhibits to be used

at trial by October 4." The parties each propounded timely discovery requests, to which KSM responded but Bagley did not. On September 1, two days after KSM's response, Bagley filed a motion for an order compelling discovery, asserting KSM's "failure to participate in good-faith with [his] request[s] for discovery." Bagley did not file a memorandum in support of his motion or otherwise detail how KSM's response fell short, and KSM objected to Bagley's motion on that basis and also asserted that it had adequately responded to Bagley's discovery requests. On September 20, KSM renewed its motion for sanctions on which the court had reserved ruling. KSM's earlier request for sanctions had been based on Bagley's behavior surrounding the filing of the petition for extraordinary relief, and its renewed motion added Bagley's failure to respond to its discovery requests as an additional ground. Bagley objected, claiming that KSM never served discovery upon him and that, in a conversation with KSM's attorney prior to the discovery deadline, KSM had indicated only that it would be serving him with discovery in the future. In its reply, KSM attested that it did indeed serve Bagley with discovery requests, attached an affidavit of the paralegal who mailed the requests, and noted the contemporaneous certificate of service filed in the district court. KSM also explained that its attorney had spoken with Bagley prior to the due date for Bagley's response, at which time counsel mentioned KSM's discovery requests and Bagley gave no indication that he had not received them. The parties submitted their respective motions for decision in mid-October, shortly before the scheduled trial. In the meantime, Bagley did not submit his exhibit and witness lists by the October 4 deadline, nor did he provide this information by the time the parties appeared for trial on November 4.

¶5     On the day of trial, the court indicated in a minute entry that it would not consider either party's motion because "the[ motions] were submitted just one week prior to trial." KSM, however, orally renewed its motion for sanctions, based not only on Bagley's failure to respond to discovery but also on his failure to submit witness and exhibit lists. The court offered Bagley an opportunity to explain his noncompliance but ultimately determined that Bagley had "intentionally and willfully failed to comply." As a result, it granted KSM's motion, which involved striking Bagley's pleadings and dismissing his complaint. Bagley now appeals.

¶6     Although he identifies eight issues for review, Bagley's claims fall generally into three categories. First, he contends that the court's entry of the scheduling order exceeded the court's authority under the Utah Rules of Civil Procedure. He next

challenges the court's decision to sanction him and the appropriateness of dismissal as the sanction imposed. He contends that there were extenuating circumstances for which the more appropriate course of action would have been simply to modify the scheduling order and continue the trial. Finally, Bagley argues that the court violated his due process and equal protection rights when it refused to consider his motion to compel because it was untimely but nevertheless considered KSM's motion for sanctions, which was also untimely. We address each of these arguments in turn.[1]

## I. Scheduling Order

¶7 Bagley asserts that the district court did not have authority to enter a scheduling order without a motion from the parties. Bagley's contention hinges upon the language in rule 16 of the Utah Rules of Civil Procedure that *"on motion of a party* the court shall enter a scheduling order that governs the time . . . to complete discovery," Utah R. Civ. P. 16(b)(3) (emphasis added), as well as on rule 26's exemption of pro se plaintiffs from the requirement that the plaintiff move for a discovery order if the parties are unable to

---

[1]In the summary of the arguments section of his brief, Bagley also contends that the district court abused its discretion in denying his petition for extraordinary relief and in finding him in contempt as a result of his behavior at the hearing on that petition. Bagley further alleges judicial bias. To the extent that he intended these allegations to amount to additional issues for review, as opposed to merely background to the issues he actually analyzes, he has not adequately briefed them because he neither identified them as issues in the statement of the issues section nor addressed them in the analysis section of his brief. *See generally* Utah R. App. P. 24 (setting forth the briefing requirements); *Seamons v. Brandley*, 2011 UT App 434, ¶ 5, 268 P.3d 195 ("An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." (internal quotation marks omitted)). We therefore will not consider these arguments further. *See generally Seamons*, 2011 UT App 434, ¶ 5 (explaining the "well established" rule that appellate courts will decline to review inadequately briefed claims). In addition, regarding the judicial bias allegation, Bagley never filed a motion to disqualify Judge Allen or took any other appropriate action to preserve his claim for appeal. *See generally Campbell, Maack & Sessions v. Debry*, 2001 UT App 397, ¶ 24, 38 P.3d 984 (noting that "[a] party alleging judicial bias or prejudice must first file an affidavit to that effect in the trial court" to preserve the issue for appeal (internal quotation marks omitted)).

mutually agree to one, *see id.* R. 26(a)(2)(A)(vi), (f).[2] The record, however, establishes that the scheduling order was issued at a pretrial conference at which both parties were present. The minute entry from that conference does not indicate that either party objected to the court's entry of a scheduling order, and Bagley does not contend on appeal that he made such an objection. When a party fails to object in the district court, he or she generally waives the right to claim an error on appeal. *See Badger v. Brooklyn Canal Co.*, 966 P.2d 844, 847 (Utah 1998) (noting that "to preserve an issue for appellate review, a party must first raise the issue in the trial court"). Moreover, Bagley has not provided this court with a transcript from which we can glean the circumstances surrounding the entry of the scheduling order in any more detail than the minute entry provides. When an appellant fails to provide a transcript, we presume the proceedings support the ruling. *See* Utah R. App. P. 11(e)(2) (placing the burden on the appellant to submit the transcript of all evidence relevant to a ruling deemed erroneous and noting that "[n]either the court nor the appellee is obligated to correct appellant's deficiencies in providing the relevant . . . transcript"); *Gorostieta v. Parkinson*, 2000 UT 99, ¶ 16, 17 P.3d 1110 ("[W]here we are without an adequate record, we must assume the regularity of the proceedings below."). For these reasons, we affirm the entry of the scheduling order.[3]

---

[2]The relevant discovery rules of the Utah Rules of Civil Procedure have been amended for all cases filed on or after November 1, 2011. *See* Utah R. Civ. P. 1 advisory committee note ("Due to the significant changes in the discovery rules, the Supreme Court order adopting the 2011 amendments makes them effective only as to cases filed on or after the effective date, November 1, 2011 . . . ."). We therefore cite to the preamendment version of those rules.

[3]Even were we to reach the merits of Bagley's claim, we likely would reach the same result. Although rules 16 and 26 place the burden on the parties to move for a scheduling order, *see* Utah R. Civ. P. 16(b); *id.* R. 26(a)(2)(A)(vi), (f), neither rule constrains the inherent authority of the court to control the proceedings on its docket in order to move cases forward in an orderly and predictable way. *See Barnard v. Wasserman*, 855 P.2d 243, 249 (Utah 1993) ("Among the[ inherent powers of the trial court] are the power . . . to make, modify, and enforce rules for the regulation of the business before the court, . . . to recall and control its process . . . ." (second omission in original) (emphasis and internal quotation marks omitted)). Entering a scheduling

(continued...)

II. Sanction

¶8     Bagley next challenges the district court's imposition of a sanction pursuant to rule 37 of the Utah Rules of Civil Procedure. In reviewing the entry of a discovery sanction, we must first determine whether "the district court has made a factual finding that the party's behavior merits sanctions." *Kilpatrick v. Bullough Abatement, Inc.*, 2008 UT 82, ¶ 23, 199 P.3d 957. To merit sanction, a party must have acted willfully, in bad faith, with fault, or through "persistent dilatory tactics [intended to] frustrat[e] the judicial process." *Morton v. Continental Baking Co.*, 938 P.2d 271, 274 (Utah 1997) (internal quotation marks omitted). "[O]nce the factual finding has been made," an appellate court will overturn the district court's sanction only "if abuse of discretion [is] clearly shown." *Kilpatrick*, 2008 UT 82, ¶ 23 (second alteration in original) (emphasis and internal quotation marks omitted). "An abuse of discretion may be demonstrated by showing that the district court relied on an erroneous conclusion of law or that there was no evidentiary basis for the trial court's ruling." *Id.* (internal quotation marks omitted). The choice of sanction is generally left to the sound discretion of the district judge. *See Morton*, 938 P.2d at 274.

A. Basis for Sanction

¶9     Here, the district court clearly made a finding that Bagley's behavior warranted sanction:

> [T]he Court . . . finds that the parties had notice[] of the
> Court[']s scheduling order and that [Bagley] subsequently
> intentionally and willfully failed to comply with [the]
> Court's Scheduling order by failing to produce any
> discovery whatsoever to [KSM] and by failing to file his
> witness list and exhibit list before the scheduling deadline or
> by the day of trial.

---

[3](...continued)
order with discovery and motion deadlines is clearly within the court's authority, whether or not the parties themselves request it, so long as the requirements of due process are respected. And Bagley does not deny that he knew of the deadlines or that he failed to comply as required by the scheduling order or even by the time set for trial.

> The court also finds that just cause exists for [KSM's]
> Motion for Sanctions . . . . [and] to grant [KSM's] Motion to
> Strike Plaintiff's Pleadings and Request for Sanctions under
> URCP 37(b)(2)(c) . . . due to [Bagley]'s failure to obey the
> scheduling orders, failure to respond to discovery requests
> and for filing meritless and harassing pleadings.

We next review the record to determine whether that finding is adequately supported.

¶10    The basis of the court's ruling is Bagley's noncompliance with the scheduling order, which required "[d]iscovery . . . to be completed by August 30" and the "exchange [of] witness lists and any exhibits to be used at trial by October 4." Bagley has never disputed that he failed to comply with both of these deadlines. Instead, he explained in a memorandum in opposition to KSM's written sanction motion that his failure to respond to KSM's discovery requests was attributable to the fact that he never received them. Indeed, Bagley argues that the district court had no way of knowing definitively that KSM actually did serve him because the only evidence in the record to that effect is KSM's contention that it informed Bagley of the discovery prior to the deadline and a certificate of service on file with the district court. Bagley contends that the certificate of service does not support KSM's assertion that it served him because the certificate is a procedural requirement that can be used as a "legal maneuver[]" for obtaining a discovery sanction "when in fact the opposing party never received any such request[s]"; in other words, Bagley implies that the certificate was falsified. Bagley asserts that he made these same arguments in response to KSM's oral sanction motion on the day of trial. Bagley also contends that he explained his failure to submit witness and exhibit lists prior to trial as being due to KSM's failure to properly respond to his discovery requests, causing him to be unable to prepare exhibits or "to gather the information necessary to identify potential witnesses" until the eve of trial. According to Bagley, the district court gave these explanations for his failure to comply inadequate credence and weight. That error, he contends, is compounded by his rejected "attempt[s] to provide the court with documentary evidence and testimony" that both explained his noncompliance and fulfilled his discovery responsibilities, efforts he argues indicate that he was willing to facilitate the litigation and was not acting in bad faith.

¶11    Bagley, however, has not provided this court with a transcript of the hearing, and neither the hearing minutes nor the court's findings and order include the explanations

he offered in response to KSM's oral motion.  The district court ultimately resolved this factual dispute against Bagley, finding that KSM had served him with discovery and that Bagley had not indicated that he had not received the discovery when KSM talked to him about it a few days prior to the deadline.  Without an adequate record to review Bagley's claim, we can only presume that the district court found that Bagley's explanation of the events was not credible.  *See State v. Pritchett*, 2003 UT 24, ¶ 13, 69 P.3d 1278 ("[W]hen an appellant fails to provide an adequate record on appeal, we presume the regularity of the proceedings below."); *see also* Utah R. Civ. P. 52(a) ("[D]ue regard shall be given to the opportunity of the trial court to judge the credibility of witnesses.").  We also reject Bagley's contention that the court's decision was based on an improper presumption that because there was a certificate of service of KSM's discovery requests in the record, KSM must have delivered them. There is no indication of the court's reliance on such a presumption at the place in the record that Bagley cites.  We therefore conclude that the court had an adequate basis to impose a sanction.

B.  Choice of Sanction

¶12    Bagley also challenges the district court's choice of sanction:  striking his pleadings and dismissing the case.[4]  According to him, the more appropriate course of action would have been "to modify the scheduling order in the interest of justice and continue the trial as [he] . . . suggested."  The record does not demonstrate, however, that Bagley ever requested a continuance.  And although Bagley characterizes the circumstances surrounding his failure to comply with the scheduling order as "extenuating," the district court apparently did not find credible his claim that he had never received the discovery requests from KSM and instead determined that his failure to provide witness and exhibit lists was an "intentional[] and willful[] fail[ure] to comply with [the] Court's Scheduling order."  In the court's view then, striking the pleadings and dismissing the case were the appropriate remedy for Bagley's blatant disregard for the court's authority up to and including the date the trial began.  *See generally* Utah R. Civ. P. 37(b)(2)(C) (allowing a court to "strike pleadings . . . [or] dismiss the action" as a sanction for failing to comply with its scheduling order); *Morton*, 938 P.2d at 274 ("Even though dismissal of a noncomplying party's action is one of the most severe of the potential sanctions that can be imposed, it is clear from the

---

[4]As part of the sanction, the court required Bagley to pay $5,427.50 in attorney fees to KSM.  Bagley does not challenge the attorney fees award on appeal.

language of rule 37 that it is within a trial court's discretion to impose such a sanction." (citation and internal quotation marks omitted)). *See generally Morton*, 938 P.2d at 275 ("The trial judge is in the best position to evaluate the status of his cases, as well as the attitudes, motives, and credibility of the parties."). In light of a record that indicates Bagley's complete disregard of the court's discovery and disclosure orders, he has not demonstrated that the court's decision was an abuse of its discretion.[5]

### III.  Discovery Deadline

¶13     Finally, Bagley argues that the district court violated his constitutional rights when it refused to consider his motion to compel on the basis that it was untimely, especially because the court did consider KSM's motion for sanctions, which was filed and submitted after his own motion. According to Bagley, this decision violated his right to due process because the court denied him the opportunity to be heard on his motion and violated his equal protection right because it treated parties similarly situated unequally.

¶14     It does not appear, however, that Bagley's motion to compel was ever properly brought before the court because the motion was not accompanied by a supporting memorandum or affidavits as required by rule 7. *See* Utah R. Civ. P. 7(c)(1), (c)(3)(D) (requiring all contested motions to be accompanied by a supporting memorandum and relevant documentation). Bagley minimizes this failure, asserting that, "at worst, the heading on his Motion for Order Compelling Discovery was incomplete and should have included 'with incorporated memorandum'" in the title. Bagley's motion, however, consisted of two sentences, in which he requested an order compelling discovery on the basis of "[KSM's] failure to participate in good-faith with [Bagley]'s request[s] for discovery." Bagley did not explain how KSM failed to participate in good faith or in what manner KSM's discovery responses were lacking. Although a notation in the district court's minute entry indicates that Bagley attempted to remedy this defect at the motion hearing by proffering an affidavit and other documents, the court was within its discretion in refusing to receive any pertinent evidence or other material that

---

[5]The district court also identified rule 41 of the Utah Rules of Civil Procedure as a basis for its decision to dismiss Bagley's claims. Because we have determined that dismissal was appropriate as a sanction under rule 37, we do not address the propriety of the dismissal pursuant to rule 41.

was not timely filed with the motion, as required by the applicable rule. Without the supporting documents, Bagley's motion was not properly before the district court under rule 7 and therefore not ripe for the court's review.[6] Hence, the court did not err in refusing to consider it, even though it did consider KSM's motion.[7]

## IV. Attorney Fees

¶15    KSM's request for attorney fees under rules 33 and 24 of the Utah Rules of Appellate Procedure is denied. Although Bagley's claims are without merit, the issues he raises are neither frivolous nor brought solely for delay. *See* Utah R. App. P. 33(a). Furthermore, while Bagley's brief, at times, fails to comply with appellate briefing requirements, rule 24 itself does not provide for an award of attorney fees. *See generally id.* R. 24. KSM is allowed its costs as provided in rule 34. *See id.* R. 34(a) ("Except as

---

[6]The district court refused to consider Bagley's motion on the basis that it was untimely. An appellate court, however, may affirm the district court's ruling on any basis apparent in the record. *See Bailey v. Bayles*, 2002 UT 58, ¶ 13, 52 P.3d 1158. We elect to do so here because Bagley's due process claim is otherwise inadequately briefed and his equal protection claim does not appear to have been preserved. *See generally Seamons v. Brandley*, 2011 UT App 434, ¶¶ 3, 5, 268 P.3d 195 (explaining that courts may refuse to consider constitutional issues that are not preserved and citing the well-established rule that appellate courts will not consider inadequately briefed issues).

[7]The district court actually declined to consider KSM's prior written motion for sanctions on the basis that it was untimely. The court's decision to sanction Bagley resulted from KSM's oral motion made the day of trial after Bagley appeared at trial not only having failed to provide discovery responses but also without having filed witness and exhibit lists. The court's written decision does not elaborate on the basis for its decision to consider the oral motion, but under the circumstances, it does not appear questionable on its face. Because Bagley has not provided this court with a transcript of the motion hearing, we are not in a position to further examine the propriety of that decision, and we must presume that it is supported by the record. *See Gorostieta v. Parkinson*, 2000 UT 99, ¶ 16, 17 P.3d 1110 (stating that the burden is on the appellant to support his or her allegations with an adequate record and that without such record, appellate courts "must assume the regularity of the proceedings below").

otherwise provided by law, . . . if a judgment or order is affirmed, costs shall be taxed against appellant unless otherwise ordered.").

¶16    Affirmed.

_____
Stephen L. Roth, Judge

-----

¶17    WE CONCUR:

_____
Carolyn B. McHugh,
Presiding Judge

_____
William A. Thorne Jr., Judge