2001 UT App 275

**STATE of Utah, Petitioner,**

v.

**Honorable W. Brent WEST, Respondent.**

**No. 20010707–CA.**

Court of Appeals of Utah.

Sept. 20, 2001.

Mark L. Shurtleff and Laura B. Dupaix, Salt Lake City, for Petitioner.

Brent M. Johnson, Salt Lake City, for Respondent.

Before Judges BENCH, ORME, and THORNE.

### MEMORANDUM DECISION

PER CURIAM:

Pursuant to Rule 65B of the Utah Rules of Civil Procedure and Rule 19 of the Utah Rules of Appellate Procedure, petitioner, the State of Utah, requests an extraordinary writ compelling respondent, W. Brent West, Second District Court Presiding Judge, to enter an order disqualifying Thomas L. Kay, Second District Court Judge, from presiding over a new trial in *State v. Weitzel,* Second District Court No. 991700983.

We grant the petition to the limited extent of directing respondent to reconsider the entire affidavit of bias under the standard expressed in Canon 3(E)(1) of the Utah Code of Judicial Conduct, rather than under a parallel analysis to those appellate cases that have considered the propriety of judicial disqualification after trial based on whether actual bias is demonstrated. *See, e.g., State v. Alonzo,* 932 P.2d 606, 611 (Utah Ct.App.1997) (finding appearance of bias, yet refusing to grant new trial due to absence of actual bias under harmless error analysis), *aff'd,* 973 P.2d 975, 979 (Utah 1998) (same).

We do not question respondent's conclusion that there was no showing of actual bias in the record of the first trial. However, we direct respondent to reconsider whether, in light of the entire affidavit, "the [trial] judge's impartiality might reasonably be questioned" as this case proceeds to a new trial. Utah Code of Judicial Conduct Canon 3(E)(1). "This standard set forth by the Code of Judicial Conduct should be given careful consideration by the trial judge. It may require recusal in instances where no actual bias is shown." *State v. Neeley,* 748 P.2d 1091, 1094 (Utah).[1] Our supreme court has previously stated: "Obviously, actual bias need not be found to support disqualification. An appearance of bias or prejudice is sufficient for disqualification.... We note that disqualification due to the appearance of bias or prejudice seems more amenable to prospective application." *Madsen v. Prudential Fed. Sav. & Loan Ass'n,* 767 P.2d 538, 544 n. 5 (Utah 1988).

The State's Petition for Extraordinary Writ is granted to the extent set forth above and otherwise is denied. Respondent is directed to reconsider the affidavit of bias in accordance with this decision.

---

1. The *Neeley* court relied on Utah Code of Judicial Conduct Canon 3(C)(1) (1981), the predecessor to the present Canon 3(E)(1), which stated: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned." Canon 3(E)(1) currently reads: "A judge shall enter a disqualification in a proceeding in which the judge's impartiality might reasonably be questioned."