2004 UT 8

**STATE of Utah, DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILD AND FAMILY SERVICES, Respondent,**

v.

**Honorable Frederic ODDONE, Petitioner.**

No. 20030038.

Supreme Court of Utah.

Jan. 23, 2004.

Mark L. Shurtleff, Att'y Gen., Annina M. Mitchell, Asst. Att'y Gen., Salt Lake City, for Respondent.

Brent M. Johnson, Salt Lake City, for Petitioner.

WILKINS, Justice:

¶ 1 In the matter of *In re Judge Joseph W. Anderson,* 2004 UT 7, 82 P.3d 1134, also decided today, we addressed the difficulty faced by Judge Anderson with respect to hearing cases in which attorneys from the Office of the Guardian ad Litem and the office of the Attorney General were involved. A more thorough discussion of the facts and circumstances leading to Judge Anderson's disqualification from hearing those cases is contained there.

¶ 2 In this case, we accepted Judge Frederic Oddone's petition, seeking review of the court of appeals' decision granting the State's petition to disqualify Judge Anderson from cases in which any attorney from the office of the Attorney General represented the Division of Child and Family Services. Judge Oddone, as presiding judge of the Third District Juvenile Court, had entered an order denying the State's motion to disqualify Judge Anderson, citing both legal and practical reasons for the denial. The court of appeals, in response, reversed Judge Oddone's order, and directed that Judge Anderson not only be disqualified from then-existing matters in which the Attorney General represented the Division of Child and Family Services, but also extended the disqualification to any such matters "in the future."

¶ 3 Because we have today removed Judge Anderson from the bench, the order of disqualification is moot. However, for the guidance of the bench in the future, a general order of disqualification may not be made unconditionally permanent in perpetuity. Conditions under which the disqualification will be automatically remitted, or under which an order of disqualification will automatically expire, must be included. Also, for the guidance of presiding judges faced with similarly difficult circumstances in the future, the court of appeals is correct that disqualification of Judge Anderson under these circumstances was mandatory. The imposition on the work of the court, and on the function of the administrative apparatus of the district, while deplorable, does not allow for

increasing the burden from showing an appearance of bias to one of showing actual bias, as suggested by Judge Oddone in his order. The moving party must only show a reasonable appearance of bias to be entitled to recusal of the judge at issue. Utah Code of Judicial Conduct Canon 3E.

¶ 4 The petition is dismissed as moot.

¶ 5 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.