**2013 UT App 159**

# THE UTAH COURT OF APPEALS

REGINALD WILLIAMS,
Petitioner and Appellant,

*v.*

DEPARTMENT OF CORRECTIONS,
Respondent and Appellee.

Memorandum Decision
No. 20120025-CA
Filed June 27, 2013

Third District, Salt Lake Department
The Honorable L.A. Dever
No. 110918680

Reginald Williams, Appellant Pro Se
John E. Swallow and Peggy E. Stone, Attorneys for
Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGE WILLIAM A. THORNE JR. concurred.
JUDGE JAMES Z. DAVIS concurred in the result.

VOROS, Judge:

¶1     Reginald Williams appeals the dismissal of his rule 65B petition and associated claims against the Utah Department of Corrections (the Department). We reverse and remand.

¶2     Williams appears pro se. "[A] party who represents himself will be held to the same standard of knowledge and practice as any qualified member of the bar. Nevertheless, because of his lack of technical knowledge of law and procedure, [a pro se litigant] should be accorded every consideration that may reasonably be indulged." *State v. Winfield*, 2006 UT 4, ¶ 19, 128 P.3d 1171 (citation and internal quotation marks omitted).

¶3      Williams initiated this action by filing a document entitled "Petition for Extraordinary Relief, Independent Action, Petition for Review of Records Denial." The Department moved to dismiss. Williams opposed the motion to dismiss and moved to disqualify the entire Utah Attorney General's Office (the Attorney General). As grounds for his disqualification motion, he alleged that Department officials had confiscated all of his legal materials at the direction of an Assistant Attorney General (the Assistant AG), that the Assistant AG had read his legal materials related to this lawsuit, and that this exposure of his work product gave the Department an unfair advantage in defending against his claims. Consequently, he argued, all attorneys employed by the Attorney General were "required to be screened." The Attorney General did not respond to this motion and the trial court did not rule on it. Rather, the trial court dismissed the petition.

¶4      On appeal, Williams challenges the dismissal of his petition. But he also contends that the Attorney General should be disqualified from representing the Department on the same grounds he argued before—that the Assistant AG gained an unfair advantage by viewing Williams's legal papers. He relies on *State v. McClellan*, 2009 UT 50, 216 P.3d 956.

¶5      The Department does not respond to the merits of this claim. Rather, it asserts that "Williams did not raise the issue of shared confidences in any recognized pleading below." It is true that Williams did not use the exact phrase "shared confidences" in his trial court motion, nor did he cite to *McClellan*, from which that phrase derives. But a "litigant has no obligation to 'preserve' his citation to legal authority." *Torian v. Craig*, 2012 UT 63, ¶ 20, 289 P.3d 479 (citation omitted). "If the foundation of a claim or argument is presented in a manner that allows the district court to rule on it, a party challenging the lower court's resolution of that matter is free to marshal any legal authority that may be relevant

to its consideration on appeal." *Id.* (footnote citations omitted). That is all that Williams has sought to do here.[1]

¶6     The parties do not claim, and the record does not reflect, that the trial court ruled on Williams's disqualification motion. To allow a case to progress while potentially conflicted counsel continues to represent a party "threatens to taint all further proceedings in the case." *Cade v. Zions First Nat'l Bank*, 956 P.2d 1073, 1081 (Utah Ct. App. 1998) (citations and internal quotation marks omitted) (identifying three factors used in deciding a motion to disqualify for breach of confidentiality). Consequently, undue delay in ruling on a disqualification motion, like "undue delay in filing a disqualification motion[,] is costly, wasteful, and prevents the speedy resolution of matters." *See Camco Constr., Inc. v. Utah Baseball Acad., Inc.*, 2010 UT 63, ¶ 17, 243 P.3d 1269 (footnote citation and internal quotation marks omitted) (referring to judicial disqualification). Accordingly, a court should dispose of a motion to disqualify counsel before proceeding to the merits of the case.

¶7     That did not happen here. The trial court granted the Attorney General's motion to dismiss without having determined whether the Attorney General should be disqualified from representing the Department against Williams. We therefore reverse and remand this case for the trial court to rule on Williams's disqualification motion.

¶8     "If a new trial is granted, the [appellate] court may pass upon and determine all questions of law involved in the case presented upon appeal and necessary to the final determination of

---

1. An issue may be preserved even if the trial court does not actually rule on it, because "raising the issue below in [an] objection [is] sufficient to preserve it on appeal." *State v. Mead*, 2001 UT 58, ¶ 43 n.7, 27 P.3d 1115 (overruling *State v. Ortiz*, 782 P.2d 959, 961 (Utah Ct. App. 1989) (holding that "[w]ithout a record of a ruling below, we cannot review the trial court's alleged error")).

the case." Utah. R. App. P. 30(a). Accordingly, "we have discretion to address the issues that are likely to recur [in further proceedings] to guide the trial court on remand." *State v. Sellers*, 2011 UT App 38, ¶ 23, 248 P.3d 70 (citing *State v. Low*, 2008 UT 58, ¶ 61, 192 P.3d 867). "We therefore provide the following analysis to the extent it may be helpful to the parties and the court as the case proceeds." *Id.*

¶9     Williams's petition, captioned "Petition for Extraordinary Relief, Independent Action, Petition for Review of Records Denial," raised an assortment of claims. Some, but not all, sought extraordinary relief under rule 65B of the Utah Rules of Civil Procedure. Rule 65B allows a petition for extraordinary relief when "no other plain, speedy and adequate remedy is available." Utah R. Civ. P. 65B. Early on the trial court characterized the entire petition as a "Petition for Extraordinary Relief pursuant to Utah Rules of Civil Procedure Rule 65B." Accordingly, and despite Williams's objection, the trial court treated all of Williams's claims as components of a petition for extraordinary relief. It dismissed some as previously adjudicated, some because they "do not fall into any category of relief provided," and some because they "are not filed as 65B claims." On appeal, Williams challenges the trial court's treatment of his claims and asserts that the trial court should have addressed some of them as claims seeking ordinary relief.

¶10     Williams has not shown that the trial court erred in treating the entire petition as one brought under rule 65B. In particular, he identifies no authority permitting claims for ordinary relief to be bundled with claims for extraordinary relief in a single hybrid petition. A proceeding under rule 65B is an extraordinary proceeding with idiosyncratic procedural rules. *See* Utah R. Civ. P. 65B(b) (governing the commencement of proceedings, the requisite elements of a petition, dismissal of frivolous petitions, responsive pleadings, and service); *id.* R. 65B(a) (relief may be granted only when "no other plain, speedy and adequate remedy is available.") A hybrid complaint would thus require the trial court to

simultaneously apply two different procedural regimes. Because this approach is unworkable, the trial court had discretion to dismiss from a petition for extraordinary relief any claims seeking ordinary relief.

¶11 Indeed, rule 42 of the Utah Rules of Civil Procedure provides a trial court with the discretion to join or sever multiple causes of action. *See* Utah R. Civ. P. 42; *Slusher v. Ospital by Ospital*, 777 P.2d 437, 441 (Utah 1989) ("[T]rial courts enjoy considerable discretion in deciding bifurcation and consolidation requests under rule 42 of the Utah Rules of Civil Procedure." (citations omitted)); *see also Coleman v. Dillman*, 624 P.2d 713, 716 (Utah 1981) ("Severance is a standard procedural practice, and may be resorted to for convenience and at the discretion of the trial court." (citing Utah R. Civ. P. 42(b))).

¶12 In conclusion, after Williams moved to disqualify the Attorney General, the trial court erred by failing to dispose of that motion before proceeding further. We therefore reverse the trial court's dismissal and remand for further proceedings consistent with this decision.

———————