2016 UT App 227

## THE UTAH COURT OF APPEALS

DENNIS CHEEK,
Appellant,
*v.*
CLAY BULLOCH CONSTRUCTION INC.
AND CLAY BULLOCH,
Appellees.

Opinion
No. 20150177-CA
Filed November 17, 2016

Fifth District Court, Cedar City Department
The Honorable Paul D. Lyman
No. 030500447

J. Bryan Jackson, Attorney for Appellant

V. Lowry Snow and W. Devin Snow, Attorneys
for Appellees

JUDGE JILL M. POHLMAN authored this Opinion, in which JUDGES
J. FREDERIC VOROS JR. and KATE A. TOOMEY concurred.

POHLMAN, Judge:

¶1     This dispute arose more than a decade ago based on allegations that certain buildings were constructed improperly and partially on the wrong property. After years of back-and-forth between the parties, the litigation culminated in a bench trial, after which the trial court rejected all claims and dismissed the case. This appeal followed, raising two questions: (1) whether the trial judge erred by hearing the case rather than voluntarily recusing or certifying the question of recusal for review by another judge, and (2) whether the trial court erred in dismissing the claims. We affirm.

BACKGROUND

¶2 Dennis Cheek hired Clay Bulloch and Clay Bulloch Construction Inc. (collectively, Bulloch) to construct a building in Cedar City, Utah, referred to as the Sears building. Cheek later rehired Bulloch to construct an addition to that building. The parties had no comprehensive written construction contract for either project.

¶3 After construction of the addition was completed, Cheek sued Bulloch for breach of contract, loss of income, and attorney fees. Cheek alleged that the Sears building encroached on adjacent property Cheek did not own. Cheek also alleged that neither structure was built according to specifications, resulting in significant damage. Bulloch answered, contending that the building and addition were built as instructed by Cheek. Bulloch also counterclaimed, seeking to foreclose its mechanic's lien and alleging, among other things, unjust enrichment and breach of contract based on Cheek's alleged failure to pay in full.

¶4 The case was initially assigned to Judge J. Philip Eves. But Judge Eves voluntarily recused himself, stating that "[t]he case will be referred to a judge outside of the Fifth District." While Judge Eves did not explain his recusal or referral, Cheek surmised that those steps were taken because defendant Clay Bulloch was married to the Fifth District Clerk of Court.

¶5 The case then was specially assigned to Judge Paul D. Lyman of the Sixth District. Yet the case was pursued with so little activity that in 2010, nearly seven years after it was filed, Judge Lyman dismissed the matter for failure to prosecute. On appeal this court reversed, stating that while the case had "clearly [been] on the slow track," and concern over that snail's pace was understandable, the evidence of correspondence between the parties and other extrajudicial progress warranted a less aggressive action, such as setting a "'drop dead' date by which Cheek [would be] required to take specified actions on

pain of having the case dismissed." *Cheek v. Clay Bulloch Constr., Inc.*, 2011 UT App 418, ¶¶ 14, 18–19, 269 P.3d 964.

¶6 The case returned to the trial court where, again, little visible progress was made. Cheek then filed a "Motion to Determine Application of Existing Order" based on Judge Eves's recusal and referral. Cheek stated that it had "come to [his] attention" that Judge Lyman was "now serving" as a judge within the Fifth District. Cheek then asked for a determination whether "the existing Order requires reassignment to a judge outside of the Fifth District."

¶7 In support of his motion, Cheek submitted a copy of the Utah State Court Directory for the Fifth District, which listed Judge Lyman as a Fifth District Court judge and defendant Clay Bulloch's wife as Clerk of Court for the Fifth District and Juvenile Courts. Cheek asserted that, while "not aware of the timing of the Honorable Paul Lyman being designated or assigned as [a] sitting Judge in the Fifth District[,]" he "believe[d] it [was] relatively recent and not a matter of years."

¶8 Cheek also attached an informal opinion of the Utah State Bar Ethics Advisory Committee, which addressed disqualification in proceedings involving judicial employees' relatives or household members. *See* Utah State Bar Ethics Advisory Committee, Informal Op. 98-14 (1998). In its opinion, the Committee advised disqualification in proceedings involving a member of a judicial employee's immediate family or household, if that employee "has a close working relationship with the judge." *Id.* The Committee presumed that a judge would have a "close working relationship" with "the judge's clerk, bailiff, and reporter; the clerk of the court; and the trial court executive." *Id.*

¶9 Cheek did not argue for Judge Lyman's recusal nor did Cheek move to disqualify Judge Lyman under rule 63 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 63(b)(1) (2013)

(providing that a party may "file a motion to disqualify a judge" and setting forth the requirements for filing such a motion).[1] Instead, Cheek remarked that Judge Eves's recusal "appears consistent with and perhaps driven by Informal Opinion 98-14."

¶10    Judge Lyman addressed Cheek's motion by concluding that no "order" required the case to be heard by a judge outside the Fifth District. Judge Lyman also explained that he had been "assigned to handle the district court in Beaver County and other domestic cases throughout the [Fifth District] during 2013," but that assignment did not "make" him a "judge[] of the receiving district."[2]

¶11    Dissatisfied, Cheek moved for reconsideration. Again, Cheek did not invoke rule 63 or file a supporting affidavit. To the contrary, Cheek pointed out that he had not filed a rule 63 motion and faulted Judge Lyman for mistakenly "engag[ing] in a Rule 63(b) analysis" when interpreting Judge Eves's recusal. Cheek emphasized that Judge Eves had recused himself voluntarily—without a motion being filed. Cheek asserted that Judge Lyman, as an "'acting'" Fifth District Court judge, was under the same obligation to "self-polic[e]" his recusal obligations, stating that "[t]his arrangement . . . arguably creates the appearance [of a conflict] which the ethics opinion was designed to address."

---

1. Although rule 63 has since been amended, we cite the version of the rule in effect in 2013, when Cheek's Motion to Determine Application of Existing Order was filed and ruled on by the trial court.

2. Judge Lyman stated that his judicial assignment was issued on December 11, 2012, pursuant to Utah Rule of Judicial Administration 3-108. Although the ruling indicated that a copy of the assignment was attached, no copy of the assignment appears in the record.

¶12    Judge Lyman was not persuaded. Noting that Cheek's motion was procedurally improper, Judge Lyman nevertheless attempted to address its substance, concluding that Judge Eves's instruction was not an order and had been fulfilled when the case was assigned to a judge outside the Fifth District; that Judge Lyman was not a judge of the Fifth District; and that Judge Lyman "ha[d] no working relationship" with the Clerk of the Fifth District Court, rendering the informal ethics opinion inapplicable. Judge Lyman expressed hope that his ruling addressed Cheek's concerns.

¶13    The case was eventually tried. Following a five-day bench trial, Judge Lyman entered his findings of fact and conclusions of law and dismissed all claims. Judge Lyman concluded, among other things, that Cheek had failed to prove: that the building's intrusion onto adjacent property was Bulloch's responsibility, that the specifications at issue had been incorporated into the parties' agreement, that Bulloch had breached the parties' agreement, and that Bulloch's actions had caused damage to the addition. Cheek appeals.

ISSUE AND STANDARD OF REVIEW

¶14    Cheek asserts that Judge Lyman erred by not voluntarily recusing himself and not following the procedure set forth in Utah Rule of Civil Procedure 63. "Whether a trial judge erred by failing to recuse himself is a question of law that we review for correctness." *Camco Constr., Inc. v. Utah Baseball Academy, Inc.*, 2010 UT 63, ¶ 12, 243 P.3d 1269.[3]

---

3. Cheek raises other issues, *see infra* ¶¶ 30–33, but our conclusion that those issues are inadequately briefed obviates the need to discuss in any detail the standards of review that might apply to those issues.

ANALYSIS

I. Recusal and Rule 63

¶15    Cheek first challenges the trial judge's review and denial of his Motion to Determine Application of Existing Order, which questioned whether Judge Lyman should voluntarily recuse. Cheek claims that because he raised the issue of recusal—albeit without requesting external review or invoking rule 63 of the Utah Rules of Civil Procedure—he may now challenge the outcome at trial based on an alleged appearance of judicial bias and failure to follow rule 63 procedures. We disagree.

¶16    Relying on an informal opinion of the Utah State Bar Ethics Advisory Committee, which offered guidance regarding the interpretation of the Utah Code of Judicial Conduct, Cheek asserts Judge Lyman was required to recuse himself. Cheek does not assert any actual prejudice, but claims an appearance of bias such that Judge Lyman's impartiality might reasonably have been questioned. Cheek also asserts that, under rule 63 of the Utah Rules of Civil Procedure, the question of recusal should have been referred for "review and consideration by the Presiding Judge." But Cheek admits he never filed a motion under rule 63. Indeed, Cheek affirmatively represented to Judge Lyman that he had not filed a rule 63 motion and was appealing to the judge's "self-policing" duty to recuse.

¶17    A party may move for judicial disqualification under rule 63, which provides for precisely the type of external review Cheek claims should have been afforded him in the trial court. Under rule 63, a party may move for disqualification "after commencement of the action, but not later than 20 days after . . . the moving party learns or with the exercise of reasonable diligence should have learned of the grounds upon which the motion is based." Utah R. Civ. P. 63(b)(1)(A), (B). The motion "shall be accompanied by a certificate" of good faith and "supported by an affidavit stating facts sufficient to show bias,

prejudice or conflict of interest." *Id.* R. 63(b)(1)(A). "The judge against whom the motion and affidavit are directed shall, without further hearing, enter an order granting the motion or certifying the motion and affidavit" for review by another judge. *Id.* R. 63(b)(2). As part of that process, the reviewing judge may seek additional information from the subject judge relevant to the alleged bias or conflict of interest. *Id.* R. 63(b)(3)(B); *see also In re Affidavit of Bias*, 947 P.2d 1152, 1154–55 (Utah 1997) (Zimmerman, J., sitting alone) (discussing the process of directing the subject judge to provide additional evidence before ruling on the affidavit filed in support of a rule 63 motion to disqualify).

¶18    In those proceedings, an appearance of partiality may result in disqualification. *See, e.g.*, *Dahl v. Dahl*, 2015 UT 79, ¶ 49 ("A judge should be disqualified when circumstances arise in which the judge's impartiality might reasonably be questioned." (citation and internal quotation marks omitted)); *Department of Human Services v. Oddone*, 2004 UT 8, ¶ 3, 84 P.3d 1170 ("The moving party must only show a reasonable appearance of bias to be entitled to recusal of the judge at issue."); *Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 767 P.2d 538, 544 n.5 (Utah 1988) ("An appearance of bias or prejudice is sufficient for disqualification . . . ."); *State v. West*, 2001 UT App 275, ¶¶ 2–3, 34 P.3d 234 (per curiam) (directing the reviewing judge to assess whether the subject judge's impartiality might reasonably be questioned).

¶19    And provisions in the Utah Code of Judicial Conduct, as well as advisory opinions interpreting those ethical standards, may provide guidance on disqualification issues. *See, e.g.*, *Oddone*, 2004 UT 8, ¶ 3 (citing the Code of Judicial Conduct as support for the "reasonable appearance of bias" disqualification standard); *Regional Sales Agency, Inc. v. Reichert*, 830 P.2d 252, 254–57 (Utah 1992) (looking to an informal ethics opinion for guidance when interpreting a canon of the Code of Judicial Conduct as a basis for disqualification); *Madsen*, 767 P.2d at 544 ("[The Code of Judicial Conduct] not only regulates judicial

conduct, but it also seeks to avoid unfairness by insuring each litigant an impartial judge."); *Gardner v. Madsen*, 949 P.2d 785, 791–92 (Utah Ct. App. 1997) (reviewing whether the trial judge erred in failing to recuse himself based in part on the Code of Judicial Conduct standard of whether the judge's "impartiality might reasonably be questioned" (citation and internal quotation marks omitted)); *American Rural Cellular, Inc. v. Systems Commc'n Corp.*, 939 P.2d 185, 195 n.12 (Utah Ct. App. 1997) ("The Utah Supreme Court has found the provisions of the Code of Judicial Conduct to have legal force.").

¶20　Thus, had Cheek sought independent application of these principles to the specifics of his case, he could have had it. All he needed to do was move for disqualification in accordance with rule 63. When presented with such a motion, "the judge has only two options"—either grant the motion or certify it for review. *See Gardner*, 949 P.2d at 791 n.4. However, failure to present such a motion usually waives the issue. *See, e.g.*, *Campbell, Maack & Sessions v. Debry*, 2001 UT App 397, ¶ 24, 38 P.3d 984 (indicating failure to comply with rule 63's affidavit requirement waived the issue of judicial bias, absent plain error or extraordinary circumstances); *Kleinert v. Kimball Elevator Co.*, 905 P.2d 297, 301 (Utah Ct. App. 1995) ("[Rule 63] requires that a party alleging judicial bias or prejudice must first file an affidavit to that effect in the trial court." (citation and internal quotation marks omitted)); *Wade v. Stangl*, 869 P.2d 9, 11 (Utah Ct. App. 1994) (same).

¶21　To hold otherwise, as Cheek urges here, would create an exception that would swallow the rule. Litigants could urge a trial judge to recuse due to a suggested conflict of interest but elect not to pursue a rule 63 motion for tactical reasons. They could then simply wait and see. If they received an unfavorable outcome, they could rush to appeal, asserting that while no actual bias or prejudice existed, there was an appearance of partiality and failure to follow rule 63 procedures. The Code of Judicial Conduct is not "intended to be the basis for litigants to

. . . obtain tactical advantages in proceedings before a court." Utah Code Jud. Conduct Scope [7] (2013). "A party who has a reasonable basis for moving to disqualify a judge may not delay in the hope of first obtaining a favorable ruling and then complain only if the result is unfavorable. Not only is such a tactic unfair," it also unnecessarily disrupts "the judicial system and [the] litigants." *Madsen*, 767 P.2d at 542.

¶22    The Utah Supreme Court rejected a similar tactic in *Camco Construction, Inc. v. Utah Baseball Academy, Inc.*, 2010 UT 63, 243 P.3d 1269. In that case, a party waited "until long after it should have known of possible grounds for disqualification" before bringing the issue to the court's attention. *Id.* ¶ 21. The party then moved for disqualification, seeking judicial recusal but not invoking rule 63. *Id.* ¶ 10. The subject judge denied the motion. *Id.* That denial was appealed, but the Utah Supreme Court did not reach the merits. *Id.* ¶ 15. The court held the motion untimely under rule 63, which "governs motions for disqualification whether the text of a party's motion mentions the rule or not." *Id.* ¶¶ 15–16. As the supreme court pointed out, "parties cannot file a motion for disqualification under another name to escape rule 63's" timeliness requirements. *Id.* ¶ 16 n.5.

¶23    The Utah Supreme Court thus declined to review the motion to recuse or disqualify because, although not brought under rule 63, the motion failed to meet the rule's requirements. *Id.* ¶¶ 16–22. Likewise, Cheek's motion did not meet the requirements of rule 63. There was no accompanying "certificate that the motion [was] filed in good faith" nor a supporting "affidavit stating facts sufficient to show bias, prejudice or conflict of interest." *See* Utah R. Civ. P. 63(b)(1)(A); *cf. Rogers v. M.O. Bitner Co.*, 738 P.2d 1029, 1035 (Utah 1987) (explaining that rule 63 "requires . . . an affidavit stating the facts and the reasons" underlying the claim of bias (internal quotation marks omitted)). There were also unanswered questions regarding the motion's timeliness, which appears to have been filed more than seven months after Judge Lyman was assigned to the Fifth

District. *See* Utah R. Civ. P. 63(b)(1)(B) (requiring a party to move for disqualification "not later than 20 days after . . . the moving party learns or with the exercise of reasonable diligence should have learned of the grounds upon which the motion is based"). Cheek thus waived his claim of judicial bias. *See supra* ¶ 20; *see also Bagley v. KSM Guitars, Inc.*, 2012 UT App 257, ¶ 6 n.1, 290 P.3d 26 (noting that an appellant alleging judicial bias "never filed a motion to disqualify . . . or took any other appropriate action to preserve his claim for appeal").

¶24    With regard to the lack of external review, Cheek's waiver was exacerbated when Cheek affirmatively represented that he was not invoking rule 63, did not object to Judge Lyman ruling on his motion, and never requested review of the recusal issue by another judge. Thus, Cheek did not "present[] [the issue] to the district court in such a manner that the court had a meaningful opportunity to rule on it." *See Dahl v. Dahl*, 2015 UT 79, ¶ 207 (citation and internal quotation marks omitted).[4]

¶25    We acknowledge that there are circumstances in which, despite the absence of a proper rule 63 motion, allegations of judicial bias have been reviewed substantively on appeal. *See, e.g., id.* ¶¶ 46, 57–61; *Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 767 P.2d 538, 544–49 (Utah 1988); *Gardner v. Madsen*, 949 P.2d 785, 791–92 & n.4 (Utah Ct. App. 1997); *cf. In re Estate of Valcarce*, 2013 UT App 95, ¶¶ 40–43, 301 P.3d 1031 (suggesting that judicial bias discovered post-judgment might be preserved by

---

4. Given Cheek's representation that he was appealing to the judge's inherent authority to recuse, and was not proceeding under rule 63, we note without deciding the possibility of waiver via invited error. *See Pratt v. Nelson*, 2007 UT 41, ¶¶ 17–24, 164 P.3d 366 ("Our invited error doctrine arises from the principle that a party cannot take advantage of an error committed at trial when that party led the trial court into committing the error." (citation and internal quotation marks omitted)).

filing "a motion for relief from judgment"). And that review has included whether recusal was required under provisions of the Code of Judicial Conduct. *See, e.g.*, *Regional Sales Agency, Inc. v. Reichert*, 830 P.2d 252, 254–57 (Utah 1992); *Madsen*, 767 P.2d at 544–49; *Gardner*, 949 P.2d at 791–92 & n.4.

¶26　But even were we inclined to substantively review Cheek's allegations, we would be unable to do so. While "[a] judge should be disqualified when . . . the judge's impartiality might reasonably be questioned," "[j]udges are presumed to be qualified and a party alleging [judicial] bias . . . has the burden of demonstrating that the judge is not qualified." *Dahl*, 2015 UT 79, ¶ 49 (citation and internal quotation marks omitted). Relying on an informal opinion of the Ethics Advisory Committee, Cheek contends that Judge Lyman's recusal was mandatory given his assignment to the Fifth District where defendant's wife was employed as the District Court Clerk. But that opinion cannot be read so broadly.

¶27　Informal Opinion 98-14 interpreted two provisions of the Code of Judicial Conduct. Under the first, "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including" when "[t]he judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding." Utah Code Jud. Conduct R. 2.11(A)(1) (2013).[5] Under the second, "[a] judge shall not permit family, social, political, financial, or other interests or relationships to influence the judge's judicial conduct or judgment." *Id.* R. 2.4(B).

---

5. While Informal Opinion 98-14 interpreted the Code of Judicial Conduct as it appeared in 1998, we cite those provisions of the Code as they appeared in 2013, when Cheek's motion was filed and ruled on by the trial court.

¶28 Based on these principles, Informal Opinion 98-14 advised automatic disqualification in proceedings in which a party is "a family or household member of an employee *that has a close working relationship with the judge*."[6] Utah State Bar Ethics Advisory Committee, Informal Op. 98-14 (1998) (emphasis added). The Committee presumed that a judge would have a "close working relationship" with "the judge's clerk, bailiff, and reporter; the clerk of the court; and the trial court executive." *Id.*

¶29 Even assuming we would agree with that general presumption, it may not apply in atypical situations, such as a judge sitting by assignment pursuant to Utah Rule of Judicial Administration 3-108. Because Cheek did not file a supporting affidavit or invoke rule 63's procedures for review, we do not have a full evidentiary record regarding Judge Lyman's work with the Fifth District or his interactions with the Fifth District Court Clerk. We therefore cannot discern whether the facts are such that "the judge's impartiality might reasonably be questioned." *See Dahl v. Dahl*, 2015 UT 79, ¶ 49 (citation and internal quotation marks omitted). "Unlike a trial court, we do not find facts, and our review is limited to the factual record

---

6. In reaching this conclusion, the Committee retreated from an earlier opinion, which advised disqualification "in proceedings involving an employee of the judge's district" or "members of the employee's immediate family and household." Utah State Bar Ethics Advisory Committee, Informal Op. 96-2 (1996). Given the administrative difficulty and expense of applying that rule, particularly in large districts with few judges, the Committee reconsidered and concluded that it was "not reasonable to perceive that a judge might be biased in all proceedings involving a family member of a district employee, without regard to the relationship between the judge and the particular employee." Utah State Bar Ethics Advisory Committee, Informal Op. 98-14 (1998).

developed in the trial court." *In re Estate of Valcarce*, 2013 UT App 95, ¶ 43. Accordingly, we decline to consider de novo Cheek's "claim that the trial judge should have recused himself from serving in this matter."[7] *See id.*

## II. Breach of Contract Claims

¶30    Cheek next challenges the trial court's dismissal of his claims. Because Cheek's arguments are inadequately briefed, we do not address them.

¶31    Rule 24 of the Utah Rules of Appellate Procedure requires the identification and development of legal authority, reasoned analysis based on that authority, and a statement of the precise relief sought. *See* Utah R. App. P. 24(a)(9), (10); *Spencer v. Pleasant View City*, 2003 UT App 379, ¶ 20, 80 P.3d 546. "[W]e will not assume a party's burden of argument and research," *Broderick v. Apartment Mgmt. Consultants, LLC*, 2012 UT 17, ¶ 9, 279 P.3d 391 (citation and internal quotation marks omitted), particularly when, as here, a party's lack of clarity and supporting argumentation leaves the opposing party without a fair opportunity to respond. "A brief must go beyond providing conclusory statements and fully identify, analyze, and cite its legal arguments." *West Jordan City v. Goodman*, 2006 UT 27, ¶ 29, 135 P.3d 874 (citation and internal quotation marks omitted).

¶32    Here, Cheek does not specifically challenge any of the trial court's findings of fact or conclusions of law. Instead, Cheek asserts multiple contractual theories, some of which are contradictory, and alleges a range of errors, each without supporting authority or analysis. For example, with little

---

7. We leave open the potential for relief in situations involving plain error or extraordinary circumstances, *see Campbell, Maack & Sessions v. Debry*, 2001 UT App 397, ¶ 24, 38 P.3d 984, but Cheek has not sought application of either of those exceptions.

explanation Cheek simultaneously claims that the "parties entered into a contract implied in fact"; the trial court erroneously failed to incorporate additional, outside terms into the parties' agreement; and the parties had "an integrated contract"—i.e., a writing or writings that constitute the final and complete expression of the parties' bargain.

¶33 Cheek also claims the trial court should not have considered the parties' testimony regarding the contract's terms and could not have found an agreement to construct the Sears building partially on the wrong property. Instead, Cheek asserts, the trial court was required primarily to consider the documents Cheek presented and to base its findings of fact and conclusions of law on those proposed by Cheek's counsel, or at least to address Cheek's proposals to a greater degree. Legal support and analysis for these propositions is absent, and Cheek does not otherwise clarify the errors alleged or relief sought. We therefore reject Cheek's substantive claims as inadequately briefed. *See Spencer*, 2003 UT App 379, ¶¶ 20–21.

CONCLUSION

¶34 No motion for disqualification and accompanying certificate and affidavit were filed in the trial court, as provided for in rule 63 of the Utah Rules of Civil Procedure, nor was the trial judge asked to certify the question of recusal for review. Therefore, Cheek waived any error regarding the denial of his Motion to Determine Application of Existing Order or failure to refer the question of recusal for review. In addition, any substantive issues regarding Cheek's breach of contract claims are inadequately briefed, precluding review on appeal. Accordingly, we affirm.

———————